## AFFIDAVIT OF DAVID J. DAVIS

**STATE OF GEORGIA**
**COUNTY OF MACON-BIBB**

PERSONALLY APPEARED BEFORE ME, the undersigned officer duly authorized to administer oaths, **DAVID J. DAVIS**, who, after being duly sworn, testifies and deposes under oath as follows:

1.

My name is David Davis. I am over the age of twenty-one (21) years and suffering under no legal disability which would prevent me from making this Affidavit, which is given based upon my personal knowledge.

2.

I hold the office of Bibb County Sheriff. My office—the Bibb County Sheriff's Office--is named as a Defendant in Civil Action No. 5:19-cv-00324-MTT; Civil Action No. 5:19-cv-00323-MTT; and Civil Action No. 5:19-cv-00321-MTT, each of which is pending in the United States District Court for the Middle District of Georgia. I am giving this Affidavit as my testimony and for filing in support of Defendant Bibb County Sheriff's Office's Motion(s) for Summary Judgment in each of these three (3) civil actions.

3.

I was elected for a four-year term of office as Bibb County Sheriff in the November 2012 election after my predecessor in office, Jerry Modena, retired; I took office on January 1, 2013. I was re-elected to a second term of office in the May 2016 election and was again re-elected in November 2020 for my third term in office. At all times relevant to the proceedings for which this Affidavit is given, I have acted in my official capacity as the duly-elected Sheriff of Bibb County, Georgia, including as a law enforcement officer; as

the highest ranking officer in charge of all deputy sheriffs duty and oath-bound to serve and protect the citizens of Macon-Bibb County by virtue of the authority they hold as sworn law enforcement officers of the Office of Sheriff; as an arm of the State of Georgia; and in accordance with the duties imposed upon me and pursuant to the authority vested in me as Bibb County Sheriff by the Georgia Constitution, Georgia statutes, and other applicable law.

4.

Prior to being elected as Bibb County Sheriff, I served as one of two chief deputies in the administration of the late Sheriff Jerry Modena, the second being Chief Deputy Russell Nelson, who retired in 2015. Prior to serving as Chief Deputy, I had moved upward through the ranks in the BCSO over a period of decades, starting as a young Deputy Sheriff now more than 40 years ago. Given my tenure as Chief Deputy before being elected Sheriff, I was already familiar with the administrative aspects of operation of a large law enforcement agency, as well as with the legal and practical relationship and interplay between the county governing authority/county government (former Bibb County) and the independent constitutional office of sheriff (Bibb County Sheriff's Office), when I took office in January 2013. For example, in March 2012, the Bibb County Government adopted an updated manual of policies and procedures for its employees. The Bibb County Board of Commissioners, through its Bibb County Human Resources Department, asked Bibb County's constitutional officers (Probate Judge, at that time William Self; Tax Commissioner, at that time Tommy Tedders; Superior Court Clerk, at that time Diane Brannen; and Sheriff, at that time Jerry Modena) and independent elected officials (such as the District Attorney, Superior Court Judges, and the Solicitor) to

complete and submit a form indicating whether they were "opting in" to have the employees working in their respective offices covered by Bibb County's policies and procedures or "opting out" such that Bibb County's policies and procedures would not apply to their employees. I recall some discussion about the election form between my predecessor in office, Jerry Modena, then-Chief Deputy Nelson, and me back in 2012; my understanding of the matter was that the request for forms to be completed and signed was prompted by some budget-related dispute or disputes between the Board of Commissioners and the Probate Judge and that as a practical matter, an election to have none of Bibb County's policies apply to employees of elected officials could result in those offices having to ultimately implement and administer their own policies and practices for things like paid leave, paid holidays, a pay/grade system, and processing payroll. I also remember Sheriff Modena telling us that the Human Resources Department would be sending CDs containing the Bibb County policies and procedures, and that those CDs should be distributed to BCSO employees. At my direction and in connection with my giving this Affidavit, my executive staff located a copy of the election form signed by Sheriff Modena in BCSO files maintained in the office of his Executive Assistant, Cindy Gresham, who also served as my Executive Assistant until her retirement from the BCSO at the end of 2020. Those files are still maintained in my executive office and are now kept by Tonya Francis. A true and correct copy of Sheriff Modena's election form is attached to this Affidavit as Exhibit A.

5.

After I took office in January 2013 and in response to an inquiry from then-Assistant Human Resources Director for Bibb County, Bel Wall, I notified Mrs. Wall that I wished to

make the same election as to coverage under Bibb County's policies as Sheriff Modena had made in 2012. For many practical reasons, not the least of which were the additional cost to taxpayers that would inevitably result from potentially having to develop and administer employee benefits, a pay scale system, and payroll "in-house" for BCSO employees rather than utilizing the county's capable Human Resources Department, I chose the "partial opting in" option on the election form. I knew the BCSO was independent under law from the county government as a constitutional office, and that this independence included hiring, promotions, and discipline--aside from the functions of the Bibb County Police Civil Service Board and System specified in the laws that created and provided for duties of that board. I also knew that the authority of county sheriff under law included sole authority to oversee and control all aspects of job duties, job performance, job requirements, and standards of conduct and performance for deputy sheriffs and all other employees of the BCSO, and to allocate the annual funding approved by the Board of Commissioners for operation of the BCSO as the Bibb County Sheriff determined. I was glad to continue having the assistance of the County's Human Resources Department in administering benefits and wages under its existing structures and processes. I certainly had no interest in developing, or desire to develop, an in-house personnel department. Mrs. Wall sent me the election form, which I completed, signed, and returned to the Human Resources Department. At my direction, and in connection with my giving of this Affidavit, my executive staff located a copy of the election form I signed in 2013 in the BCSO files maintained by my former Executive Assistant, Cindy Gresham, after her retirement at the end of 2020. Those files are still maintained in my

office, kept now by Tonya Francis. A true and correct copy of the election form I completed and signed in February 2013 is attached to this Affidavit as Exhibit B.

6.

Effective January 1, 2014 and due to an Act of the Georgia General Assembly, the former City of Macon and the former Bibb County were consolidated to form a new unified government – Macon-Bibb County. When the former City of Macon and former Bibb County consolidated, the Macon Police Department ("MPD") merged into and was subsumed by the Bibb County Sheriff's Office, resulting in the creation of a new law enforcement agency—still known as the Bibb County Sheriff's Office ("BCSO")—that would employ at full staff some 617 deputies and 200 civilian employees, including bailiffs. The BCSO provides law enforcement, criminal investigations, support operations, courthouse security and services—among other services and functions, including operation of, and security in, the Bibb County Law Enforcement Complex (jail)—for all of Macon-Bibb County, and, post-consolidation, is one of the largest law enforcement agencies in the state of Georgia.

7.

Achieving the complex administrative task of merging two law enforcement agencies  presented a monumental challenge, the preparations and planning for which were carried out during the whole first year of my administration as the newly elected Bibb County Sheriff--2013. The former MPD employed some 288 sworn officers and 24 civilians; all of those officers, together with all the equipment, facilities, offices, etc. belonging to the former MPD, had to be blended into the "new" BCSO in terms of division and duty assignments for deputies; each deputy had his or her "place" and assignment

within the new law enforcement agency, an administrative task that took months to lay

out through careful planning and integration on the part of myself and my executive staff.

The work of merging the two law enforcement agencies was one part, but a rather critical

one, of the overall process of merging the governments of Bibb County and the City of

Macon to form a new unified government. As directed by the new government's legislative

charter, the overall consolidation process was planned and accomplished by a large

group of executive and high-level administrative personnel from both governments,

attorneys representing both governments, prominent community leaders/stakeholders,

and members of the local legislative delegation in the Georgia General Assembly—the

"Consolidation Task Force" with the guidance of consultants engaged by the task force

from the Middle Georgia Regional Commission and Carl Vinson Institute of Government.

The task force held meetings and work sessions and worked over the course of 2013 to

plan and execute the many aspects of unification of two local governments, all of which

would "go live" on January 1, 2014. I was a member of the task force, and worked closely

with then Strategic Director of Management for the BCSO, Cara Cotton, and with other

executive personnel and command staff members of both the BCSO and the MPD, to

achieve the merger of the "old" BCSO and the former MPD into the law enforcement

agency it is today.

8.

In 2013, with the assistance of the Macon Police Department, the Training

Divisions of the Macon Police Department and the BCSO were pre-merged. As a result,

with respect to matters of training, the former Macon Police Department and the "old"

BCSO were effectively unified months before consolidation took effect. In connection with

this pre-merger, my office sought and obtained special permission from the Georgia Sheriffs Association ("GSA") to allow training instructors of the Macon Police Department to operate under the authority of the BCSO and to offer some courses from the GSA Senior Deputy curriculum to officers of the Macon Police Department. Accordingly, in 2013, all Macon Police Department officers were required to attend a number of classes developed by the GSA which I believed would reinforce the expectations I have for all deputies who serve the citizens of (Macon-) Bibb County, and which covered topics I believed were matters which distinguished the BCSO from the Macon Police Department.

9.

One of those courses—a particularly crucial one in my view—was a three-hour class entitled "Office of the Sheriff" which described the history of the Office of Sheriff from medieval times to modern day, explained the difference between a constitutional officer and a county department, identified the three main duties of the Office of Sheriff as established by law, identified specific duties and mandates of the Office of Sheriff as established by law, and described the deputy's role as agent of the sheriff. The lesson plan approved by the Georgia Sheriffs Association and which I reviewed included information that I believed was important to help Macon Police Department officers understand the legal and practical differences between working for a municipal police department and for a constitutional officer before the Macon Police Department merged into the BCSO, including the following explanation:

> *Many do not understand the difference in a sheriff's department and sheriff's office.  The Office of Sheriff is a constitutional office that holds exclusive powers and authority.  It is more than another department of county government. The operations are the sole responsibility of the sheriff, not the local county government.  County department heads are subordinate to a county administrator or manager because they are a division of county*

> *government, and work for the department head and for the board of commissioners.*
>
> *A county department derives its limited authority from the governing body; the sheriff derives its exclusive powers and authority from the constitution and the people who elected him. The Sheriff is not a subordinate to or an employee of a county administrator or county commission.*
>
> *In other words, there is no such thing as a Sheriff's Department.*

Officers of the Macon Police Department were accustomed to answering to a Chief of Police, but also to having to act on the orders of a mayor or one of numerous city council members with fear of potentially losing their jobs if they did not comply. I wanted all future deputy sheriffs who would be coming from the Macon Police Department to understand that as deputy sheriffs, they would work only for an elected sheriff and would be ultimately answerable only to me and to the electorate we serve together.

10.

Near the end of 2013, my office began the process of transitioning former Macon Police Department officers into units, precincts, and divisions of the "new" Bibb County Sheriff's Office. Prior to shifting into their roles in the new law enforcement agency, all of the former Macon Police Department officers had to be sworn in as deputy sheriffs and thereby vested with authority of my office. The process of swearing in 288 new deputy sheriffs took place over the last months of 2013, beginning with the first group in September 2013 and running into November 2013. As midnight approached on December 31, 2013, deputy sheriffs of the "new" BCSO, including those joining from the former MPD, stood ready to carry out their duties and to serve the citizens of Macon-Bibb County—the new government entity that came into being as soon as January 1, 2014 began.

11.

In the weeks after January 1, 2014, the Macon-Bibb County Board of Commissioners adopted a set of personnel policies and procedures of the new Macon-Bibb County consolidated government ("M-BC") to address matters of employment and operations for departments of the county government that were under the supervision and direction of the M-BC Mayor and County Manager. I was aware that members of the Consolidation Task Force--including Bel Wall and Ben Hubbard, the Human Resources Directors for former Bibb County and the former City of Macon, respectively--had been working on creating and compiling a set of written employment policies and procedures for the new consolidated government, in addition to determining how matters such as accrual of paid leave, pension benefits, employee health insurance and other personnel matters would be handled. I was present in multiple meetings of the Bibb County Board of Commissioners throughout 2013 where Bel Wall reported to the Human Resources Committee and to the Board on the task force's progress on merging two work forces, combining two personnel departments and their operations, and creating policies and procedures to apply to employees of the new government. A number of benefits matters like pension contributions, paid leave accrual, and health insurance premiums, as well as payroll processing, had been administered for BCSO employees by the former Bibb County Government for as long as I could remember, including application of the county's pay/grade system to employees of the BCSO and of other elected officials' offices, and to my knowledge, these administrative functions would continue to be handled by the new Macon-Bibb County consolidated government. I recall that both Mrs. Wall and former Bibb County's Finance Director, Deborah Martin, periodically called me during the 2013

planning for consolidation, while personnel policies and administrative processes were being planned for the new government, to ask for input or to fill me in on consolidation planning as to benefits or policies like law enforcement incentive pay administered by former Bibb County for BCSO deputies or investigator pay paid by the former City of Macon to certain of its police officers as those things might apply or affect employees of the "new" BCSO after consolidation if they were maintained under the new government.

12.

One of the issues I remember discussing first with Director Cotton and later with Mrs. Wall and Mrs. Martin during the planning for consolidation was the matter of on-call pay. I learned that Bibb County had an on-call policy for employees who worked in its Public Works Department that outlined requirements for availability, reporting, and response time and also provided for some compensation to be paid to Public Works employees when they had to be "on call" for emergency situations that might arise. That policy did not apply to employees of the BCSO and had never applied to employees of the BCSO, who had different responsibilities and duties and different requirements for availability, response time, and reporting or documenting occasions on which they were called and had to respond. In fact, I have no knowledge of BCSO employees, whether civilians or deputies or investigators or command staff, having ever been paid for time spent "on call" at any time in the more than 40 years that I have served in the BCSO. To my knowledge, including from my service as Chief Deputy over Law Enforcement Services under Sheriff Modena—which included command of the Patrol Division, Criminal Investigation Division, and special units like the SWAT team and of the lower ranking commanders who directly supervised deputies and investigators and managed work

schedules and duty assignments, including "signing approval" of time sheet and payroll submissions--and over multiple commanding ranks lower than Chief Deputy I have held over my years of service--BCSO personnel who were designated to be in "on call" status were simply paid for the time they spent responding to calls if or when they were called. I also learned that the City of Macon had an on-call policy that applied to some employees of departments other than its equivalent of a public works department, including some of its police officers who had one hour for each day on which they were assigned to on-call duty added to their timesheets, and that the City paid criminal investigators assigned to the Macon Police Department an additional amount per pay period as "investigator pay" as a financial perk that came with the status of being assigned to investigations. My understanding, based on anecdotal information I received from former Macon Police Department command staff members and from Director Cotton before, during, and since consolidation, was that the City of Macon implemented the "investigator pay" as a means of better compensating in some degree its police department's criminal investigators when the City was unable to finance—or at least the City Council would not approve-- wage increases for all employees or for all police officers and firefighters.

13.

After receiving and reviewing copies of the Bibb County Public Works On Call Policy, the City of Macon's policy regarding standby and call-out pay, and the portion of the Macon Police Department's policy on Compensation, Benefits, and Conditions of Work that provided for the extra hour for each day assigned to on-call duty, and giving the matter careful consideration, I decided against changing the BCSO's longstanding practices with respect to on-call pay. I made this determination based on a number of

considerations, including advice I received from the office of the Bibb County Attorney as to whether the law required payment for time spent on call given the requirements that applied to BCSO employees required to periodically be assigned to be on call as well as my awareness of potential implications arising from the provisions of the laws regarding the Bibb County Police Civil Service Board & System which would cover former Macon Police Department officers under the terms of the legislation that created the new consolidated government once those officers became deputy sheriffs. The civil service system for deputy sheriffs of the BCSO is one of just two or three civil service systems in the state of Georgia that was created as a constitutional amendment back in the 1950s, and its provisions provide certain due process protections as to employment, including some matters that affect rank and pay. I was reticent to adopt a pay policy that would apply to some deputies but not others depending on their duty assignments when duty assignments are subject to change and do change by lateral transfer to meet the operational needs of the BCSO, which are ultimately guided and dictated by the duties and obligations I am required to fulfill by state law. It just wasn't as simple a matter as a municipal police department being allowed by its mayor and city council to pay some of its police officers an extra $50 per pay period or an extra hour of time for a day they had to be on call.

14.

As a practical matter, this meant that the "investigator pay" the City of Macon had added to the compensation paid to the Macon Police Department's criminal investigators would not be maintained after consolidation. I certainly didn't have any desire to take, or the stomach for taking, money away from MPD officers who would become deputy

sheriffs of the "new" BCSO after consolidation. I was already mindful of how important it would be to build and promote unity between the two merged law enforcement agencies that would form the "new" BCSO after consolidation—that awareness later took tangible form in things like design and use of new insignia for the "new" BCSO, obtaining new uniforms of different design and color than either the former Macon Police Department uniform or the "old" BCSO uniform, eventually having all marked cars repainted with new colors and insignia, compiling and issuing new policies that drew from both the former Macon Police Department's policies and the "old" BCSO policies, holding an agency-wide picnic event for deputies, other employees, and their families; and creating and issuing a yearbook in 2014—similar to yearbooks for high schools, fraternal organizations, and secondary schools—that included individual photographs of every deputy and command staff member of the agency, as well as group photographs of specialized units and candid photographs from daily "life" in the "new" BCSO. And though I could not relate from personal experience, I could and did empathize with those officers and commanders of the Macon Police Department who I knew must have been experiencing many different feelings as they were faced with their agency as an entity just ceasing to exist, not to mention all the many changes related to consolidation they were facing. I know they had a host of opinions about consolidation. Deputies and commanders of the "old" BCSO did too. The fact is, consolidation and the merging of the Macon Police Department and the BCSO that it required was not optional for any of us. The matter was left to the voters, who approved it by majority vote, and to the Local Delegation of the General Assembly, who enacted the legislative charter for the new consolidated government. The Consolidation Task Force was charged with making it happen, as we had to do.

15.

In any case, as the planning and work of the Consolidated Task Force continued and the Human Resources Departments of the two governments effectively pre-merged to ensure their separate functions would not be interrupted but that they would be ready to operate cohesively for the new government as soon as 2013 ended, Mrs. Wall later explained that in connection with compensation and benefits planning underway with the guidance and expertise of the Middle Georgia Regional Commission, whatever additional pay investigators of the Macon Police Department had tacked on to their paychecks each pay period would be more than covered, and would effectively be increased, because hourly rates of pay for non-ranking deputy sheriffs of the BCSO were higher than hourly rates of pay for non-ranking privates of the Macon Police Department. The higher hourly rates would end up being applied to former Macon Police Department privates who became deputy sheriffs of the "new" BCSO to correct the pay disparity in non-ranking positions between the two agencies. In practical terms, then, I knew that hourly rates of pay would be higher for all regular hours worked and even more so for overtime hours worked than what they had been paid by the Macon Police Department. In addition, I knew that all the time investigators recorded and were paid for in connection with responding to calls when they were serving in an on-call capacity also meant higher compensation than they had been receiving from the Macon Police Department, even without "investigator pay" or the extra hour added to their time for each day assigned to be on call. Actual and more money in hand seemed more important and was surely more tangible than a line of text on a pay stub designated as "investigator pay" or one showing

that 7 hours had been added to the number of hours paid for 7 days assigned to be on call.

16.

By virtue of my service on the Consolidation Task Force, I also learned that a new pay/grade scale was being developed by the Middle Georgia Regional Commission for employees of the new Macon-Bibb County government, which would also apply to employees of constitutional officers and other elected officials if they chose to have such things as wage administration, benefits of employment, and payroll for their employees administered by the new government's Human Resources and Finance Departments. Laura Mathis of the Middle Georgia Regional Commission explained that when it was implemented, the Macon-Bibb County Pay/Grade Scale might result in further or other adjustments to hourly rates of pay for some employees, including some BCSO employees, depending on their existing salaries under the former pay scale. Knowing these matters were being planned and believing they would come to fruition as consolidation unfolded and was fully implemented, and relying on the legal advice I had received from the office of the County Attorney and other practical considerations, I was satisfied that the matter of on-call pay had been lawfully and rightfully determined in good faith, and that employees of the "new" BCSO, as with the "old" BCSO, would be adequately compensated for being on call.

17.

Periodically since 2014, I have been made aware from time to time of negative comments, opinions, and general grumblings of BCSO personnel assigned to the Criminal Investigation Division ("CID"), including of ranking supervisors, about how much

investigators dislike having to be on call in general, and that this is only made worse by the fact that they are not paid to be on call—or at least for the time they spend waiting to be called. On-call pay had been mentioned to me by one or two high ranking command staff members in the CID as a possible means of boosting morale in the department by around the middle of 2014 into the Fall of 2014. From my work on the Consolidation Task Force, I knew that Macon-Bibb County's Charter required annual reductions in the total budget for the newly-formed government as compared to the combined annual budgets of the two formerly separate city and county governments to reach a total reduction by 20 percent by the fourth year of the new government's existence and that approval of any funding not already budgeted and approved for any aspect of BCSO operations would, of necessity, not occur unless it was apparent that the law required it—especially not in the middle of a fiscal year. Again, I turned to the office of the County Attorney, this time contacting the new in-house Macon-Bibb County Attorney's office.  I explained to an Assistant County Attorney that I had been asked again about an issue that had come up before consolidation—on call pay for deputies and investigators—and asked if he was aware of any new legal requirement or change in the law or other legal provision that made paying for time waiting to be called while assigned to on-call status required. A few weeks later, the Assistant County Attorney called me and, referring to his research, gave me the same advice and the same explanation for it as that I had received from the law firm of the former Bibb County Attorney prior to consolidation: the requirements on deputies and investigators assigned to be on call were not so restrictive that the law required they be paid for the time spent waiting for a call. I believe my discussion with the Assistant County Attorney (Opie Bowen) on this issue was at the end of 2014 or within

the first month or two into 2015. During the course of the litigation for which I am giving this Affidavit, I personally searched my e-mails and directed members of my executive staff to check the files maintained in my office but neither I nor they found a letter or other formally written legal opinion on this issue provided by Mr. Bowen. Consequently, and based also on my best recollection of these events, I believe his advice and opinion was provided verbally as opposed to in writing. Whether written or spoken, though, I had no reason to question or doubt his advice, especially since it echoed the earlier opinions provided to me by the office of Bibb County Attorney Virgil Adams on which I had already relied.

18.

In January of 2015, I learned that the adjustments to hourly pay of BCSO deputies who had joined the agency from the Macon Police Department that had been planned in consultation with the Middle Georgia Regional Commission to equalize the hourly rates of pay that had applied to former privates of the Macon Police Department and to non-ranking deputy sheriffs of the "old" BCSO had been approved and would soon be implemented. I received and signed Personnel Action Forms that were required to administratively document such changes and to trigger payment of the adjusted wages through Macon-Bibb County's payroll processing. True and correct copies of the forms I signed regarding adjustments in pay for Daniel Putnam, Kenneth Hester, Nicholas McCane, Aaron Miller, Neal Moore, Michael Parrott, Bryan Powell, Robert Shockley, Daniel Shurley, Carey Vann, Justin Krage, Jeremy Robinson, and Jesse Thompson, all of which I understand were produced in discovery in the litigation for which I am giving this Affidavit, are attached to this Affidavit and marked collectively as Exhibit C. The

amounts of the adjustments reflected in Exhibit C vary; to the best of my knowledge and recollection, the adjustments took into account years in service—that is, for example, the hourly rate of pay for a former Macon Police Department officer with 4 years of service under the former City of Macon's pay scale was adjusted to equal the hourly rate of pay for a deputy sheriff of the "old" BCSO with 4 years of service under former Bibb County's pay scale.

19.

In July 2015, the Macon-Bibb County Pay/Grade Scale long in planning and development by the Human Resources Department under guidance of the Middle Georgia Regional Commission was implemented. Personnel Action Forms were not required or completed for the salary adjustments that resulted from individual employees being placed on the new pay/grade scale; the Human Resources Department sent notices to all of its employees and to the employees of constitutional officers to whom the new pay/grade scale would apply, including BCSO employees. Copies of those notices were made and were placed in each employee file maintained by the BCSO by members of my executive staff prior to distribution of the original notices to BCSO employees in July 2015. True and correct copies of the notices issued to Aaron Miller, Bryan Powell, Carey Vann, Dallas Malone, Daniel Putnam, Daniel Shurley, Jean LeBeuf, Joseph Vamper, Kenneth Hester, Michael Parrott, Neal Moore, Nicholas McCane, Robbie Joiner, Robert Shockley, Sean Bridger, Aiden Renfroe, Justin Krage, Jeremy Robinson, Jesse Thompson, and Marcus Baker, all of which I understand were produced in discovery in the litigation for which I am giving this Affidavit, are attached to this Affidavit and collectively marked as Exhibit D.

20.

During the course of the litigation for which I am giving this Affidavit and/or in connection with giving this Affidavit, I directed employees of my office to search BCSO's files and records for a number of documents that are referenced or described in this Affidavit or are otherwise relevant to the issues in this litigation, and to provide both me and the attorneys representing the BCSO in this litigation with copies of those documents. One such document is the Bibb County Public Works On-Call Policy that was found on one of the CDs containing former Bibb County's personnel policies and procedures sent over from the Bibb County Human Resources Department to my predecessor in office, Jerry Modena, back in 2012. A true and correct copy of that policy is attached to this Affidavit and marked as Exhibit E. Another such document is Macon-Bibb County's On Call (Standby) Policy, which was one policy of many adopted by the Macon-Bibb County Board of Commissioners at the inception of the new consolidated government. A true and correct copy of that policy, which can be accessed, viewed, and printed from the Macon-Bibb County Policies and Procedures manual by BCSO employees via Power DMS—an online, access-controlled repository used by the BCSO for BCSO General Orders, BCSO Special Orders, BCSO Protocols, and some training materials—is attached to this Affidavit and marked as Exhibit F.

21.

The policy marked as Exhibit F has never applied to BCSO employees, including the investigators who are the Plaintiffs in the litigation for which I am giving this Affidavit. Exhibit F includes a 30-minute response time requirement and specifies that vehicles issued to supervisors cannot be driven for any personal use other than commuting to and

from work. Conversely, BCSO's policies specify a response time of one hour for on-call investigators, and BCSO employees are allowed to drive vehicles issued to them to and from work, church, for shopping, and to drive their children to and from school. The policy attached as Exhibit F is not the only policy in Macon-Bibb County's Policies and Procedures manual that does not apply to BCSO employees. For instance, the Macon-Bibb County Code of Ethics, Employee Dress Code, Second Jobs, and Social Media policies do not apply to BCSO employees. Similar topics are addressed in BCSO General Orders 110 (Law Enforcement Oath and Ethics), 580 (Uniform Code of Dress), 650 (Secondary Employment), and 355 (Internet Use and Online Social Networking).

22.

A true and correct copy of the election form I completed and submitted to the Macon-Bibb County Human Resources Department regarding Macon-Bibb County's Policies and Procedures is attached to this Affidavit and marked as Exhibit G. This form reflects the same election as to applicability of Macon-Bibb County's policies to my employees that I had made as to Bibb County's policies in 2013 and my understanding of the reason the form and the opting in, partially opting in, or opting out election was offered to constitutional officers and elected officials as to the new government's policies was the same as before. The BCSO does not have an in-house personnel department, and I was glad to continue having the assistance of the County's Human Resources Department in administering benefits and processing payroll for my employees using its existing structures, processes, and technologies. I did not believe or have any reason to believe that partially "opting in" affected my constitutional authority to operate the BCSO, including authority to determine requirements, duties, training, schedules, compensation,

and conditions of employment for my employees, or that it gave the County any authority or control over how the funds budgeted and approved for operation of the BCSO were spent. As to matters like Macon-Bibb County's various paid leave, paid holidays, inclement weather, and computer usage, among other topics addressed in its Policies and Procedures, once my office received CDs containing the County's set of policies, BCSO Director of Support Services Jackson, whose administrative department handles, among other things, BCSO policies and accreditation, worked under my direction to incorporate text from certain of Macon-Bibb County's policies *into* certain BCSO General Orders so that the text appeared as sections or portions of BCSO's controlling policies. This was a means of adopting the County's policies on some things like paid leave, paid holidays, use of County equipment, and a number of other topics as *part of* BCSO General Orders while still addressing with particularity other details and procedures specific to the BCSO and its operations in those General Orders.

23.

In mid-2017, at the request of Macon-Bibb County, the animal enforcement "arm" of Macon-Bibb County's Animal Welfare Department was brought under the umbrella of the BCSO. The Animal Enforcement Officers had previously been employees of Macon-Bibb County who were required to rotate being on call to respond to after-hours calls of an emergency nature; I later learned that those officers had been subject to Macon-Bibb County's On Call (Standby) Policy, including its 30-minute response requirement and its provisions regarding pay for standby time. Not having been informed that the County's standby policy did not apply to BCSO employees, the Animal Enforcement Officers continued submitting time records reflecting overtime hours resulting from standby time,

which soon drew the attention of BCSO Fiscal Services Director Crystal Rutherford, who monitored and tracked payroll expenses and other expenses of operation of my office, and of my Executive Assistant, Cindy Gresham, who was responsible for "sign off" approval of time records for certain employees of my office before they were electronically submitted to Macon-Bibb County's Finance Department for payroll processing—including time records for the Animal Enforcement officers when they became BCSO employees. This attention, and some of their concerns, are reflected in a number of internal BCSO communications, some of which I personally received, that Mrs. Gresham located, printed, and provided to me at my direction. I also directed Mrs. Gresham to provide copies of those communications to attorneys representing the BCSO in the litigation for which I am giving this Affidavit. I understand that copies of these e-mails were produced in discovery in this litigation. True and correct copies of these e-mails are attached to this Affidavit and collectively marked as Exhibit H.

24.

Unlike criminal investigators or traffic fatality investigators who respond to a scene after patrol deputies and sometimes patrol supervisors and others are already present, the Animal Enforcement Officers are in many instances the first—and frequently the only—responders to emergency calls involving animals. This factor, among others relating to the call-out procedures under which they had been operating, meant it was necessary for the shorter response time and readiness requirements in the County's on call (standby) policy to continue to apply to Animal Enforcement Officers at least until their operations could be assessed, perhaps modified, and "blended" into law enforcement services conducted by the BCSO. The matter of on-call pay for these officers essentially

dropped me onto the horns of a dilemma. Since it was early in the fiscal year, which begins on July 1, and hoping that sufficient funds could be found in the budget to cover the additional payroll expense by cutting from other line items, I directed BCSO Director of Support Services, Erica Jackson and my Executive Assistant, Cindy Gresham, to devise a policy by which BCSO employees whose job duties required them to serve in an on-call capacity—including the Animal Enforcement Officers who were now BCSO employees and not employees of Macon-Bibb County—would be eligible to receive some compensation specifically attributed to having to be on call.

25

Mrs. Gresham kept me informed as to progress on development of the policy, and I agreed with Director Jackson's suggestion that the matter first be issued by me as a written directive and be incorporated into a BCSO General Order to be issued as a policy update later. I understood that the team was using Macon-Bibb County's standby policy as a model, and 2 or 3 drafts of what would be issued as my written directive were provided to me for my review and input. On October 6, 2017, I issued my directive regarding on call pay. A true and correct copy of my directive is attached to this Affidavit and marked as Exhibit I. My directive ended up being very short-lived. When time records started coming in for the week that began on October 8, 2017, it was immediately apparent that the question of who among BCSO employees were really "required to be on call" within the intent and meaning of the directive needed comprehensive review and determination or else the funds budgeted for payroll for the rest of the fiscal year would be exhausted long before the fiscal year ended, even with scraping funds from other line items in the budget wherever that could be done without compromising operations and

service to the community. A host of BCSO employees submitted time records reflecting standby pay because they were "on call"—some indicating 18 hours of standby time for that one week because they were "required to be on call" every day. I knew from direct, firsthand knowledge that certain of those employees had historically been called and had actually responded to a situation necessitated by their job duties once or twice in an entire year. Other employees, like those assigned to the SWAT team, might also be very infrequently called out to respond to an unanticipated or emergency situation since the majority of SWAT operations are planned in advance but other considerations such as the need for readiness of tactical gear, the voluntary nature of trying out for and being on the SWAT team, and unit members' discretion as to whether to respond to calls or not were also relevant.

26.

Because of my immediate concerns as to funding, and realizing that administering any on call pay policy to compensate employees of a law enforcement agency who perform law enforcement and related administrative duties, including operation of a county jail with an inmate/pre-trial detainee population consistently between 800 to 1000 individuals—something that to my knowledge had never been done by or for the BCSO in the four decades of my service in the agency—would require considerably more planning and perhaps expert guidance than had gone into my October 6, 2017 directive, well-intended as it was, I directed Mrs. Gresham to notify all BCSO employees that the directive and eligibility for any on call pay was suspended until further notice. She communicated recission of the directive and of on call pay by e-mail sent to all BCSO

employees on October 13, 2017. A true and correct copy of that e-mail is attached to this Affidavit and marked as Exhibit J.

27.

As Mrs. Gresham had stated our intentions in her October 13, 2017 e-mail, I again sought guidance from legal counsel on the matter of whether the law required paying employees for being on call. My inquiry focused primarily, once again, on criminal investigators required to periodically be on call as part of their job duties in the CID because I know that they are required to be on call on a rotating basis and that they do get called out to respond to crime scenes while they are on call. I also know that due to the nature of investigations handled by, and the manpower or staffing in, the different units within the CID, some investigators are required to be on call more frequently than others and some investigators receive calls and have to respond more frequently than others. I also inquired as to whether or how a policy could be crafted to differentiate between employees or categories of employees so as to alleviate or address the issues that came to light in October 2017 when my directive regarding on call pay was announced. Again, I was advised by an Assistant County Attorney in the Macon-Bibb County Attorney's Office (Michael McNeill) that on call pay was not mandated unless the on-call requirements were sufficiently restrictive to make the on-call time "hours worked" under the Fair Labor Standards Act. I shared the feedback I received with Director Jackson and asked for her input, which she provided both by e-mail and in later discussion. A true and correct copy of her January 8, 2018 e-mail to me, which also includes Mr. McNeill's advice he provided after we spoke by phone is attached to this Affidavit and marked as Exhibit K. Director Jackson's January 8, 2018 e-mail presents a

pretty good summation of where the matter of on-call pay for BCSO employees stood and was left in 2018.

28.

I do not believe that the Fair Labor Standards Act required, or that it requires, payment for time spent waiting to be called to the Plaintiffs in the litigation for which I am giving this Affidavit. I also do not believe that the BCSO was, or is, under a contractual or agreement-based obligation to pay the Plaintiffs for "standby time" under any policy of Macon-Bibb County or of the BCSO, including Macon-Bibb County's On Call (Standby) Policy, Overtime Policy, or by virtue of my election to have Macon-Bibb County administer benefits of employment or wages and payroll for employees of the BCSO. The Plaintiffs who became employees of the BCSO in connection with consolidation and the merger of the Macon Police Department with the "old" BCSO who had been receiving "investigator pay" and/or an extra hour of pay for days they were assigned to be on call from the City of Macon were informed by or through Director Cotton that the BCSO did not pay for on-call time other than time spent responding to calls. Director Cotton informed me that she conveyed this information to command staff and personnel joining the BCSO from the Macon Police Department in the latter half of 2013 as consolidation drew closer. Director Cotton also informed me that these new BCSO employees were reminded of these changes before their first paychecks as BCSO employees were issued in 2014, and she relayed to me that grumblings and "gnashing of teeth" over these changes reached her ears from time to time in the months after consolidation. It is my understanding that the Plaintiffs in this litigation who were assigned to CID after 2014 testified in their depositions that they knew being on call was required in CID, and that

some admitted either knowing that they would not be paid for on-call time before they requested to be transferred to CID, or not caring enough to have asked the question because they were excited to move into the field of investigations, but they sought assignments in CID anyway. And of course the Plaintiffs in this litigation who were employed in the "old" BCSO before consolidation knew that BCSO had never paid them for time spent simply waiting for calls when they were assigned to on-call duty—but that they had always been paid for time spent responding to calls, even those occasions when they did not have to physically respond to a scene.

29.

As I told the Plaintiffs' legal counsel in April 2019 when he requested a meeting with me to discuss the Plaintiffs' claims, if the law requires that his clients be paid, I will be glad to comply with the law and to present a court order or judicial opinion stating so to the governing authority of Macon-Bibb County to show that the annual budget for operation of the BCSO it establishes must include funds with which to pay that compensation. I welcome direction on this issue, in particular since if any of the 20 Plaintiffs in these cases is found to be entitled to the damages he is seeking, then at least that many more BCSO employees who did not participate in these proceedings will be looking for compensation to which they may also be entitled.

END OF AFFIDAVIT

This 31ˢᵗ day of May 2021.

David J. Davis
Sheriff, Bibb County, Georgia

Sworn to and subscribed
before me this __31st__
day of May 2021.

_Shenita R. Cotton_
Notary Public

My Commission expires: __1/20/2022__                    [SEAL]

**Election of coverage by a constitutional officer or independent elected official**

I hereby make the following election regarding the Bibb County, Georgia Personnel Policy Manual (select ONE):

_____ I elect to have the employees of my office to be governed by and subject to all terms of the Bibb County, Georgia Personnel Policy Manual.

OR

_____ I elect to have the employees of my office to be governed by and subject to the terms of the Bibb County, Georgia Personnel Policy Manual, **EXCEPT** the sections relating to hiring, discipline, and the Bibb County Employee Problem Solving (grievance) Procedure.

OR

_____ I elect **NOT** to have the employees of my office to be governed by and subject to the terms of the Bibb County, Georgia Personnel Policy Manual. I understand that by making this election, Bibb County is not responsible for administering any employment policies and procedures of my office.

_____
Signature

_JERRY  M. MODENA,  SR_
Printed Name

_Sheriff, Bibb County_
Elected Office

_05-24-2012_
Date

**EXHIBIT**

A

_____

## ELECTION OF COVERAGE BY A CONSTITUTIONAL OFFICER

## OR INDEPENDENT ELECTED OFFICIAL

I hereby make the following election regarding the Bibb County, Georgia Personnel Policy Manual (select ONE):

_____ I elect to have the employees of my office to be governed by and subject to all terms of the Bibb County, Georgia Personnel Policy Manual.

OR

_____ I elect to have the employees of my office to be governed by and subject to the terms of the Bibb County, Georgia Personnel Policy Manual, **EXCEPT** the sections relating to hiring, discipline, and the Bibb County Employee Problem Solving (grievance) Procedure.

OR

_____ I elect **NOT** to have the employees of my office to be governed by and subject to the terms of the Bibb County, Georgia Personnel Policy Manual. I understand that by making this election, Bibb County is not responsible for administering any employment policies and procedures of my office.

_____
Signature

David J. Davis
_____
Printed Name

Sheriff, Bibb County
_____
Elected Office

02-07-2013
_____
Date

**EXHIBIT**

B

| LRD: (Human Resources Use) | | | MACON-BIBB COUNTY | AOTC | | (Human Resources Use) | |
|---|---|---|---|---|---|---|---|
| MO | DAY | YEAR | HUMAN RESOURCES | | FROM: | | |
| | | | PERSONNEL ACTION FORM | | TO: | | |

## CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ NEW HIRE | ☑ PAY CHANGE | ☐ RECLASS | ☐ RETIREMENT | | ☐ VOL. TERMINATION | |
| ☐ REHIRE | ☐ JOB CHANGE | ☐ PROMOTION | ☐ PAYROLL GROUP CHANGE | | ☐ INV. TERMINATION | |
| ☐ REINSTATE | ☐ TRANSFER | ☐ DEMOTION | ☐ SUSPENSION | | ☐ START/RETURN FROM LEAVE OF ABS. | |

## COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| ☑ FULL TIME<br>☐ PART TIME<br>☐ TEMPORARY | Putnam | Daniel | | 1035 | 02-01-2015 |

## COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| Bi-Weekly<br>☐ HOURLY<br>☐ DAILY<br>☐ SALARY | | | | | | |

## COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 14.99 | | | Deputy (Certified) | 3300.3323B | |
| TO: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 15.13 | 17 | 2 | Deputy (Certified) | 3300.3323B | |

## HUMAN RESOURCES USE ONLY:  COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

| | WORKER'S COMP. IND | VACATION & SICK LEAVE IND. | PENSION INFORMATION | |
|---|---|---|---|---|
| _____ FT HOURS (PER WEEK) | Y ☐   N ☐ | Y ☐   N ☐ | ☐ GENERAL | ☐ LAW ENFORCEMENT |
| _____ PT HOURS (PER WEEK) | | | ☐ TEACHERS   ☐ JUDICIAL-STATE | ☑ NONE |

## COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE / EEOC INFORMATION

| PAID<br>☐<br><br>UNPAID<br>☐ | ☐ MILITARY<br>☐ PERSONAL<br>☐ WORKER'S COMP<br>☐ SUSPENSION FROM DUTIES<br>☐ FMLA-EMP<br>☐ FMLA-FAM | LEAVE BEGINNING DATE<br><br>ESTIMATED RETURN DATE<br><br>RETURN DATE | ☐ A – AMERICAN INDIAN OR ALASKAN NATIVE<br>☐ I – ASIAN OR PACIFIC ISLANDER<br>☐ B – BLACK OR AFRICAN AMERICAN<br>☐ H – HISPANIC<br>☐ W – CAUCASIAN | GENDER<br>☐ MALE<br><br>☐ FEMALE |

## CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S)

| 1<br>☐<br>QUIT VOLUNTARY | 2<br>☐<br>LAID OFF (LACK OF WORK) | 3<br>☐<br>INVOLUNTARY DISCHARGE | 4<br>☐<br>RETIREMENT | 5<br>☐<br>DEATH | 6<br>☐<br>LEAVE OF ABSENCE | ELIGIBLE FOR REHIRE<br>Y ☐   N ☐ |

| ADDITIONAL INFORMATION | APPROVALS AND REVIEW | AUTHORIZATION (SIGN BELOW) | |
|---|---|---|---|
| Pay adjustment to correct disparity | DEPARTMENT HEAD APPROVAL | _(signature)_ | DATE 2/4/15 |
| | HUMAN RESOURCES REVIEW | _(signature)_ | DATE |
| | DIRECTOR OF HUMAN RESOURCES | Benjamin Hubbard | DATE 2-16-15 |
| | FINANCE/PAYROLL ACTION | | DATE |

EXHIBIT
C

**LRD:** (Human Resources Use)

| MO | DAY | YEAR |
|----|-----|------|
|    |     |      |

## MACON-BIBB COUNTY
## HUMAN RESOURCES
## PERSONNEL ACTION FORM

**ADTC**

(Human Resources Use)

FROM:

TO:

### CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

| | | |
|---|---|---|
| ☐ NEW HIRE | ☑ PAY CHANGE | ☐ RECLASS | ☐ RETIREMENT | ☐ VOL. TERMINATION |
| ☐ REHIRE | ☐ JOB CHANGE | ☐ PROMOTION | ☐ PAYROLL GROUP CHANGE | ☐ INV. TERMINATION |
| ☐ REINSTATE | ☐ TRANSFER | ☐ DEMOTION | ☐ SUSPENSION | ☐ START/RETURN FROM LEAVE OF ABS. |

### COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| ☑ FULL TIME<br>☐ PART TIME<br>☐ TEMPORARY | Hester | Kenneth | | 3872 | 02-01-2015 |

### COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE<br>Bi-Weekly | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | | | | | | |

### COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 14.99 | | | Deputy (Certified) | 3300.3323B | |
| TO: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 15.74 | 17 | 3 | Deputy (Certified) | 3300.3323B | |

### HUMAN RESOURCES USE ONLY: COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

| | WORKER'S COMP. IND | VACATION & SICK LEAVE IND. | PENSION INFORMATION |
|---|---|---|---|
| ___ FT HOURS (PER WEEK)<br>___ PT HOURS (PER WEEK) | Y ☐  N ☐ | Y ☐  N ☐ | ☐ GENERAL ☐ LAW ENFORCEMENT<br>☐ TEACHERS ☐ JUDICIAL-STATE ☑ NONE |

### COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE          EEOC INFORMATION

| PAID ☐ | ☐ MILITARY<br>☐ PERSONAL<br>☐ WORKER'S COMP<br>☐ SUSPENSION FROM DUTIES<br>☐ FMLA-EMP<br>☐ FMLA-FAM | LEAVE BEGINNING DATE<br><br>ESTIMATED RETURN DATE<br><br>RETURN DATE | ☐ A – AMERICAN INDIAN OR ALASKAN NATIVE<br>☐ I – ASIAN OR PACIFIC ISLANDER<br>☐ B – BLACK OR AFRICAN AMERICAN<br>☐ H – HISPANIC<br>☐ W – CAUCASIAN | GENDER<br>MALE ☐<br>FEMALE ☐ |
|---|---|---|---|---|
| UNPAID ☐ | | | | |

### CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S)          ELIGIBLE FOR REHIRE  Y ☐  N ☐

| 1<br>QUIT VOLUNTARY | 2<br>LAID OFF (LACK OF WORK) | 3<br>INVOLUNTARY DISCHARGE | 4<br>RETIREMENT | 5<br>DEATH | 6<br>LEAVE OF ABSENCE |
|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| ADDITIONAL INFORMATION | APPROVALS AND REVIEW | AUTHORIZATION (SIGN BELOW) |
|---|---|---|
| Pay adjustment to correct disparity | DEPARTMENT HEAD APPROVAL | _[signature]_   DATE 2/4/15 |
| | HUMAN RESOURCES REVIEW | DATE |
| | DIRECTOR OF HUMAN RESOURCES | Benjamin Hubbard   DATE 2-6-15 |
| | FINANCE/PAYROLL ACTION | DATE |

THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE

Macon-Bibb County Human Resources                    May 28, 2014                    HRPAF100

Bridger, et al-001332

**MACON-BIBB COUNTY**
**HUMAN RESOURCES**
**PERSONNEL ACTION FORM**

| LRD: (Human Resources Use) | | | ADTC | | (Human Resources Use) | |
|---|---|---|---|---|---|---|
| MO | DAY | YEAR | | FROM: | | |
| | | | | TO: | | |

### CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

| | | |
|---|---|---|
| ☐ NEW HIRE | ☑ PAY CHANGE | ☐ RECLASS |
| ☐ REHIRE | ☐ JOB CHANGE | ☐ PROMOTION |
| ☐ REINSTATE | ☐ TRANSFER | ☐ DEMOTION |

| | |
|---|---|
| ☐ RETIREMENT | ☐ VOL. TERMINATION |
| ☐ PAYROLL GROUP CHANGE | ☐ INV. TERMINATION |
| ☐ SUSPENSION | ☐ START/RETURN FROM LEAVE OF ABS. |

### COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| ☑ FULL TIME<br>☐ PART TIME<br>☐ TEMPORARY | McCane | Nicholas | | 1027 | 02-01-2015 |

### COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| Bi-Weekly<br>☐ HOURLY<br>☐ DAILY<br>☐ SALARY | | | | | | |

### COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: ☐ HOURLY ☐ DAILY ☐ SALARY | 14.99 | | | Deputy (Certified) | 3300.3320D | |
| TO: ☐ HOURLY ☐ DAILY ☐ SALARY | 15.74 | 17 | 3 | Deputy (Certified) | 3300.3320D | |

### HUMAN RESOURCES USE ONLY: COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

| | WORKER'S COMP. IND | VACATION & SICK LEAVE IND. | PENSION INFORMATION | |
|---|---|---|---|---|
| _____ FT HOURS (PER WEEK)<br>_____ PT HOURS (PER WEEK) | Y ☐  N ☐ | Y ☐  N ☐ | ☐ GENERAL<br>☐ TEACHERS | ☐ LAW ENFORCEMENT<br>☐ JUDICIAL-STATE  ☑ NONE |

### COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE / EEOC INFORMATION

| | | | | GENDER |
|---|---|---|---|---|
| PAID ☐<br>UNPAID ☐ | ☐ MILITARY<br>☐ PERSONAL<br>☐ WORKER'S COMP<br>☐ SUSPENSION FROM DUTIES<br>☐ FMLA-EMP<br>☐ FMLA-FAM | LEAVE BEGINNING DATE _____<br>ESTIMATED RETURN DATE _____<br>RETURN DATE _____ | ☐ A – AMERICAN INDIAN OR ALASKAN NATIVE<br>☐ I – ASIAN OR PACIFIC ISLANDER<br>☐ B – BLACK OR AFRICAN AMERICAN<br>☐ H – HISPANIC<br>☐ W – CAUCASIAN | MALE ☐<br>FEMALE ☐ |

### CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S) / ELIGIBLE FOR REHIRE

| 1 QUIT VOLUNTARY | 2 LAID OFF (LACK OF WORK) | 3 INVOLUNTARY DISCHARGE | 4 RETIREMENT | 5 DEATH | 6 LEAVE OF ABSENCE | Y ☐  N ☐ |
|---|---|---|---|---|---|---|

| ADDITIONAL INFORMATION | APPROVALS AND REVIEW | AUTHORIZATION (SIGN BELOW) |
|---|---|---|
| Pay adjustment to correct disparity | DEPARTMENT HEAD APPROVAL | _signature_   DATE 8/4/15 |
| | HUMAN RESOURCES REVIEW | DATE |
| | DIRECTOR OF HUMAN RESOURCES | _Benjamin Hubbard_   DATE 2-16-15 |
| | FINANCE/PAYROLL ACTION | DATE |

THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE

Macon-Bibb County Human Resources                    May 28, 2014                    HRPAF100

Bridger, et al-002326

# MACON-BIBB COUNTY
## HUMAN RESOURCES
### PERSONNEL ACTION FORM

**LRD: (Human Resources Use)**

| MO | DAY | YEAR |
|---|---|---|

**ADTC**
FROM:
TO:
(Human Resources Use)

### CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

- [ ] NEW HIRE
- [x] PAY CHANGE
- [ ] RECLASS
- [ ] RETIREMENT
- [ ] VOL. TERMINATION
- [ ] REHIRE
- [ ] JOB CHANGE
- [ ] PROMOTION
- [ ] PAYROLL GROUP CHANGE
- [ ] INV. TERMINATION
- [ ] REINSTATE
- [ ] TRANSFER
- [ ] DEMOTION
- [ ] SUSPENSION
- [ ] START/RETURN FROM LEAVE OF ABS.

### COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| [x] FULL TIME [ ] PART TIME [ ] TEMPORARY | Miller | Aaron | | 3869 | 02-01-2015 |

### COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE Bi-Weekly | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| [ ] HOURLY [ ] DAILY [ ] SALARY | | | | | | |

### COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: [ ] HOURLY [ ] DAILY [ ] SALARY | 14.99 | | | Deputy (Certified) | 3300.3320D | |
| TO: [ ] HOURLY [ ] DAILY [ ] SALARY | 15.74 | 17 | 3 | Deputy (Certified) | 3300.3320D | |

### HUMAN RESORUCES USE ONLY:  COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

_____ FT HOURS (PER WEEK)
_____ PT HOURS (PER WEEK)

WORKER'S COMP. IND: [ ] Y [ ] N
VACATION & SICK LEAVE IND.: [ ] Y [ ] N

PENSION INFORMATION
- [ ] GENERAL
- [ ] LAW ENFORCEMENT
- [ ] TEACHERS
- [ ] JUDICIAL-STATE
- [x] NONE

### COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE

PAID [ ]
UNPAID [ ]

- [ ] MILITARY
- [ ] PERSONAL
- [ ] WORKER'S COMP
- [ ] SUSPENSION FROM DUTIES
- [ ] FMLA-EMP
- [ ] FMLA-FAM

LEAVE BEGINNING DATE _____
ESTIMATED RETURN DATE _____
RETURN DATE _____

**EEOC INFORMATION**
- [ ] A – AMERICAN INDIAN OR ALASKAN NATIVE
- [ ] I – ASIAN OR PACIFIC ISLANDER
- [ ] B – BLACK OR AFRICAN AMERICAN
- [ ] H – HISPANIC
- [ ] W – CAUCASIAN

**GENDER**
- [ ] MALE
- [ ] FEMALE

### CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S)

| 1 QUIT VOLUNTARY | 2 LAID OFF (LACK OF WORK) | 3 INVOLUNTARY DISCHARGE | 4 RETIREMENT | 5 DEATH | 6 LEAVE OF ABSENCE |
|---|---|---|---|---|---|

ELIGIBLE FOR REHIRE [ ] Y [ ] N

ADDITIONAL INFORMATION
Pay adjustment to correct disparity

**APPROVALS AND REVIEW** / **AUTHORIZATION (SIGN BELOW)**

| DEPARTMENT HEAD APPROVAL | _signature_ | DATE 2/4/15 |
| HUMAN RESOURCES REVIEW | | DATE |
| DIRECTOR OF HUMAN RESOURCES | Benjamin Hubbard | DATE 2-16-15 |
| FINANCE/PAYROLL ACTION | | DATE |

THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE

Macon-Bibb County Human Resources
May 28, 2014
HRPAF100

Bridger, et al-000002

# MACON-BIBB COUNTY
## HUMAN RESOURCES
### PERSONNEL ACTION FORM

| MO | DAY | YEAR | | ADTC | (Human Resources Use) |
|---|---|---|---|---|---|
| | | | | | FROM: |
| | | | | | TO: |

### CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

| | | | | |
|---|---|---|---|---|
| ☐ NEW HIRE | ☑ PAY CHANGE | ☐ RECLASS | ☐ RETIREMENT | ☐ VOL. TERMINATION |
| ☐ REHIRE | ☐ JOB CHANGE | ☐ PROMOTION | ☐ PAYROLL GROUP CHANGE | ☐ INV. TERMINATION |
| ☐ REINSTATE | ☐ TRANSFER | ☐ DEMOTION | ☐ SUSPENSION | ☐ START/RETURN FROM LEAVE OF ABS. |

### COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| ☑ FULL TIME<br>☐ PART TIME<br>☐ TEMPORARY | Moore | Neal | | 3580 | 02-01-2015 |

### COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE Bi-Weekly | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | | | | | | |

### COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 15.90 | | | Deputy (Certified) | 3300.3320D | |
| TO: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 16.37 | 17 | 4 | Deputy (Certified) | 3300.3320D | |

### HUMAN RESOURCES USE ONLY: COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

| | WORKER'S COMP. IND. | VACATION & SICK LEAVE IND. | PENSION INFORMATION |
|---|---|---|---|
| ___ FT HOURS (PER WEEK)<br>___ PT HOURS (PER WEEK) | Y ☐  N ☐ | Y ☐  N ☐ | ☐ GENERAL  ☐ LAW ENFORCEMENT<br>☐ TEACHERS  ☐ JUDICIAL-STATE  ☑ NONE |

### COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE

| | | | EEOC INFORMATION | GENDER |
|---|---|---|---|---|
| PAID ☐ | ☐ MILITARY<br>☐ PERSONAL<br>☐ WORKER'S COMP<br>☐ SUSPENSION FROM DUTIES<br>☐ FMLA-EMP<br>☐ FMLA-FAM | LEAVE BEGINNING DATE _____<br>ESTIMATED RETURN DATE _____<br>RETURN DATE _____ | ☐ A – AMERICAN INDIAN OR ALASKAN NATIVE<br>☐ I – ASIAN OR PACIFIC ISLANDER<br>☐ B – BLACK OR AFRICAN AMERICAN<br>☐ H – HISPANIC<br>☐ W – CAUCASIAN | ☐ MALE<br>☐ FEMALE |
| UNPAID ☐ | | | | |

### CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S)

| 1 QUIT VOLUNTARY | 2 LAID OFF (LACK OF WORK) | 3 INVOLUNTARY DISCHARGE | 4 RETIREMENT | 5 DEATH | 6 LEAVE OF ABSENCE | ELIGIBLE FOR REHIRE Y ☐  N ☐ |
|---|---|---|---|---|---|---|

**ADDITIONAL INFORMATION**

Pay adjustment to correct disparity

| APPROVALS AND REVIEW | AUTHORIZATION (SIGN BELOW) | |
|---|---|---|
| DEPARTMENT HEAD APPROVAL | *[signature]* | DATE 2/4/15 |
| HUMAN RESOURCES REVIEW | *[signature]* | DATE |
| DIRECTOR OF HUMAN RESOURCES | Benjamin Hubbard | DATE 2-16-15 |
| FINANCE/PAYROLL ACTION | | DATE |

**THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE**

Bridger, et al-001695

# MACON-BIBB COUNTY
# HUMAN RESOURCES
# PERSONNEL ACTION FORM

**LRD: (Human Resources Use)**

| MO | DAY | YEAR |
|----|-----|------|
|    |     |      |

ADTC

(Human Resources Use)
FROM: 3300  3323
TO:

## CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

| | | | | |
|---|---|---|---|---|
| ☐ NEW HIRE | ☑ PAY CHANGE | ☐ RECLASS | ☐ RETIREMENT | ☐ VOL. TERMINATION |
| ☐ REHIRE | ☐ JOB CHANGE | ☐ PROMOTION | ☐ PAYROLL GROUP CHANGE | ☐ INV. TERMINATION |
| ☐ REINSTATE | ☐ TRANSFER | ☐ DEMOTION | ☐ SUSPENSION | ☐ START/RETURN FROM LEAVE OF ABS. |

## COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| ☑ FULL TIME ☐ PART TIME ☐ TEMPORARY | Parrott | Michael | | 3862 | Retro 02-01-2015 |

## COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| Bi-Weekly ☐ HOURLY ☐ DAILY ☐ SALARY | | | | | | |

## COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: ☐ HOURLY ☐ DAILY ☐ SALARY | 15.44 | | | Deputy (Certified) | 3300.3323B | |
| TO: ☐ HOURLY ☐ DAILY ☐ SALARY | 15.74 | C17 | 3 | Deputy (Certified) | 3300.3323B | |

## HUMAN RESOURCES USE ONLY: COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

____ FT HOURS (PER WEEK)   ____ PT HOURS (PER WEEK)

WORKER'S COMP. IND  Y ☐ N ☐
VACATION & SICK LEAVE IND.  Y ☐ N ☐

PENSION INFORMATION: ☐ GENERAL ☐ LAW ENFORCEMENT ☐ TEACHERS ☐ JUDICIAL-STATE ☐ NONE

## COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE

PAID ☐   UNPAID ☐

☐ MILITARY ☐ PERSONAL ☐ WORKER'S COMP ☐ SUSPENSION FROM DUTIES ☐ FMLA-EMP ☐ FMLA-FAM

LEAVE BEGINNING DATE
ESTIMATED RETURN DATE
RETURN DATE

### EEOC INFORMATION
☐ A – AMERICAN INDIAN OR ALASKAN NATIVE
☐ I – ASIAN OR PACIFIC ISLANDER
☐ B – BLACK OR AFRICAN AMERICAN
☐ H – HISPANIC
☐ W – CAUCASIAN

GENDER
☐ MALE
☐ FEMALE

## CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S)

| 1 QUIT VOLUNTARY | 2 LAID OFF (LACK OF WORK) | 3 INVOLUNTARY DISCHARGE | 4 RETIREMENT | 5 DEATH | 6 LEAVE OF ABSENCE | ELIGIBLE FOR REHIRE Y ☐ N ☐ |
|---|---|---|---|---|---|---|

**ADDITIONAL INFORMATION**
Pay adjustment to correct disparity

| APPROVALS AND REVIEW | AUTHORIZATION (SIGN BELOW) | DATE |
|---|---|---|
| DEPARTMENT HEAD APPROVAL | | 2/18/15 |
| HUMAN RESOURCES REVIEW | K Count | 2-20-15 |
| DIRECTOR OF HUMAN RESOURCES | Benjamin Hubbard | 2-24-15 |
| FINANCE/PAYROLL ACTION | | |

THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE
Macon-Bibb County Human Resources    May 28, 2014    HRPAF100

| LRD: (Human Resources Use) | | | MACON-BIBB COUNTY **HUMAN RESOURCES** **PERSONNEL ACTION FORM** | ADTC | (Human Resources Use) | |
|---|---|---|---|---|---|---|
| MO | DAY | YEAR | | | FROM: | |
| | | | | | TO: | |

## CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

| | | | | | |
|---|---|---|---|---|---|
| ☐ NEW HIRE | ☑ PAY CHANGE | ☐ RECLASS | ☐ RETIREMENT | | ☐ VOL. TERMINATION |
| ☐ REHIRE | ☐ JOB CHANGE | ☐ PROMOTION | ☐ PAYROLL GROUP CHANGE | | ☐ INV. TERMINATION |
| ☐ REINSTATE | ☐ TRANSFER | ☐ DEMOTION | ☐ SUSPENSION | | ☐ START/RETURN FROM LEAVE OF ABS. |

## COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| ☑ FULL TIME<br>☐ PART TIME<br>☐ TEMPORARY | Powell | Robert | | 3880 | 02-01-2015 |

## COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE<br>Bi-Weekly | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | | | | | | |

## COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|---|
| FROM: | ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 14.55 | | | Deputy (Certified) | 3300.3320D | |
| TO: | ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 15.74 | 17 | 3 | Deputy (Certified) | 3300.3320D | |

## HUMAN RESOURCES USE ONLY:  COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

| _____ FT HOURS (PER WEEK)<br>_____ PT HOURS (PER WEEK) | WORKER'S COMP. IND<br>Y ☐  N ☐ | VACATION & SICK LEAVE IND.<br>Y ☐  N ☐ | PENSION INFORMATION<br>☐ GENERAL   ☐ LAW ENFORCEMENT<br>☐ TEACHERS   ☐ JUDICIAL-STATE   ☑ NONE |
|---|---|---|---|

## COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE / EEOC INFORMATION

| PAID ☐<br><br>UNPAID ☐ | ☐ MILITARY<br>☐ PERSONAL<br>☐ WORKER'S COMP<br>☐ SUSPENSION FROM DUTIES<br>☐ FMLA-EMP<br>☐ FMLA-FAM | LEAVE BEGINNING DATE _____<br>ESTIMATED RETURN DATE _____<br>RETURN DATE _____ | ☐ A – AMERICAN INDIAN OR ALASKAN NATIVE<br>☐ I – ASIAN OR PACIFIC ISLANDER<br>☐ B – BLACK OR AFRICAN AMERICAN<br>☐ H – HISPANIC<br>☐ W – CAUCASIAN | GENDER<br>MALE ☐<br>FEMALE ☐ |
|---|---|---|---|---|

## CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S) / ELIGIBLE FOR REHIRE

| 1<br>☐ QUIT VOLUNTARY | 2<br>☐ LAID OFF (LACK OF WORK) | 3<br>☐ INVOLUNTARY DISCHARGE | 4<br>☐ RETIREMENT | 5<br>☐ DEATH | 6<br>☐ LEAVE OF ABSENCE | Y ☐  N ☐ |
|---|---|---|---|---|---|---|

| ADDITIONAL INFORMATION | APPROVALS AND REVIEW | | AUTHORIZATION (SIGN BELOW) | |
|---|---|---|---|---|
| Pay adjustment to correct disparity | DEPARTMENT HEAD APPROVAL | _signature_ | DATE 2/4/15 | |
| | HUMAN RESOURCES REVIEW | _signature_ | DATE | |
| | DIRECTOR OF HUMAN RESOURCES | Benjamin Hubbard | DATE 2-16-15 | |
| | FINANCE/PAYROLL ACTION | | DATE | |

**THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE**

Macon-Bibb County Human Resources                    May 28, 2014                    Bridger, et al-000136          HRPAF100

| LRD: (Human Resources Use) | | | **MACON-BIBB COUNTY** | ADTC | | (Human Resources Use) | |
|---|---|---|---|---|---|---|---|
| MO | DAY | YEAR | **HUMAN RESOURCES** | | FROM: | | |
| | | | **PERSONNEL ACTION FORM** | | TO: | | |

## CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

| | | | | | |
|---|---|---|---|---|---|
| ☐ NEW HIRE | ☑ PAY CHANGE | ☐ RECLASS | ☐ RETIREMENT | ☐ VOL. TERMINATION | |
| ☐ REHIRE | ☐ JOB CHANGE | ☐ PROMOTION | ☐ PAYROLL GROUP CHANGE | ☐ INV. TERMINATION | |
| ☐ REINSTATE | ☐ TRANSFER | ☐ DEMOTION | ☐ SUSPENSION | ☐ START/RETURN FROM LEAVE OF ABS. | |

## COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| ☑ FULL TIME ☐ PART TIME ☐ TEMPORARY | Shockley | Robert | | 3405 | 02-01-2015 |

## COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE Bi-Weekly | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| ☐ HOURLY ☐ DAILY ☐ SALARY | | | | | | |

## COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: ☐ HOURLY ☐ DAILY ☐ SALARY | 16.22 | | | Deputy (Certified) | 3300.3320C | |
| TO: ☐ HOURLY ☐ DAILY ☐ SALARY | 17.70 | 17 | 6 | Deputy (Certified) | 3300.3320C | |

## HUMAN RESOURCES USE ONLY:  COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

| | WORKER'S COMP. IND | VACATION & SICK LEAVE IND. | PENSION INFORMATION | |
|---|---|---|---|---|
| ___ FT HOURS (PER WEEK) | Y   N | Y   N | ☐ GENERAL   ☐ LAW ENFORCEMENT | |
| ___ PT HOURS (PER WEEK) | | | ☐ TEACHERS   ☐ JUDICIAL-STATE   ☑ NONE | |

## COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE / EEOC INFORMATION

| PAID / UNPAID | | | | GENDER |
|---|---|---|---|---|
| PAID ☐ | ☐ MILITARY ☐ PERSONAL ☐ WORKER'S COMP ☐ SUSPENSION FROM DUTIES ☐ FMLA-EMP ☐ FMLA-FAM | LEAVE BEGINNING DATE ___ ESTIMATED RETURN DATE ___ RETURN DATE ___ | ☐ A – AMERICAN INDIAN OR ALASKAN NATIVE ☐ I – ASIAN OR PACIFIC ISLANDER ☐ B – BLACK OR AFRICAN AMERICAN ☐ H – HISPANIC ☐ W – CAUCASIAN | ☐ MALE ☐ FEMALE |
| UNPAID ☐ | | | | |

## CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S)

| 1 QUIT VOLUNTARY | 2 LAID OFF (LACK OF WORK) | 3 INVOLUNTARY DISCHARGE | 4 RETIREMENT | 5 DEATH | 6 LEAVE OF ABSENCE | ELIGIBLE FOR REHIRE Y   N |
|---|---|---|---|---|---|---|

| ADDITIONAL INFORMATION | APPROVALS AND REVIEW | | AUTHORIZATION (SIGN BELOW) | |
|---|---|---|---|---|
| Pay adjustment to correct disparity | DEPARTMENT HEAD APPROVAL | _(signature)_ | 2/4/15 | DATE |
| | HUMAN RESOURCES REVIEW | _KW_ | | DATE |
| | DIRECTOR OF HUMAN RESOURCES | Benjamin Hubbard | 2-16-15 | DATE |
| | FINANCE/PAYROLL ACTION | | | DATE |

**THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE**

**MACON-BIBB COUNTY**
**HUMAN RESOURCES**
**PERSONNEL ACTION FORM**

| LRD: (Human Resources Use) | | | ADTC | (Human Resources Use) |
|---|---|---|---|---|
| MO | DAY | YEAR | | FROM: |
| | | | | TO: |

## CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

| | | | | | |
|---|---|---|---|---|---|
| ☐ NEW HIRE | ☑ PAY CHANGE | ☐ RECLASS | ☐ RETIREMENT | | ☐ VOL. TERMINATION |
| ☐ REHIRE | ☐ JOB CHANGE | ☐ PROMOTION | ☐ PAYROLL GROUP CHANGE | | ☐ INV. TERMINATION |
| ☐ REINSTATE | ☐ TRANSFER | ☐ DEMOTION | ☐ SUSPENSION | | ☐ START/RETURN FROM LEAVE OF ABS. |

## COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| ☑ FULL TIME<br>☐ PART TIME<br>☐ TEMPORARY | Shurley | Daniel | | 1058 | 02-01-2015 |

## COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE<br>Bi-Weekly | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | | | | | | |

## COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 14.99 | | | Deputy (Certified) | 3300.3320C | |
| TO: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 15.13 | 17 | 2 | Deputy (Certified) | 3300.3320C | |

## HUMAN RESOURCES USE ONLY: COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

| | WORKER'S COMP. IND | VACATION & SICK LEAVE IND. | PENSION INFORMATION |
|---|---|---|---|
| _____ FT HOURS (PER WEEK) | Y ☐  N ☐ | Y ☐  N ☐ | ☐ GENERAL          ☐ LAW ENFORCEMENT |
| _____ PT HOURS (PER WEEK) | | | ☐ TEACHERS   ☐ JUDICIAL-STATE   ☑ NONE |

## COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE / EEOC INFORMATION

| | | | EEOC INFORMATION | GENDER |
|---|---|---|---|---|
| PAID ☐ | ☐ MILITARY<br>☐ PERSONAL<br>☐ WORKER'S COMP<br>☐ SUSPENSION FROM DUTIES<br>☐ FMLA-EMP<br>☐ FMLA-FAM | LEAVE BEGINNING DATE _____<br>ESTIMATED RETURN DATE _____<br>RETURN DATE _____ | ☐ A – AMERICAN INDIAN OR ALASKAN NATIVE<br>☐ I – ASIAN OR PACIFIC ISLANDER<br>☐ B – BLACK OR AFRICAN AMERICAN<br>☐ H – HISPANIC<br>☐ W – CAUCASIAN | MALE ☐<br>FEMALE ☐ |
| UNPAID ☐ | | | | |

## CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S)

| 1 QUIT VOLUNTARY | 2 LAID OFF (LACK OF WORK) | 3 INVOLUNTARY DISCHARGE | 4 RETIREMENT | 5 DEATH | 6 LEAVE OF ABSENCE | ELIGIBLE FOR REHIRE Y ☐  N ☐ |
|---|---|---|---|---|---|---|

**ADDITIONAL INFORMATION**

Pay adjustment to correct disparity

| APPROVALS AND REVIEW | AUTHORIZATION (SIGN BELOW) | DATE |
|---|---|---|
| DEPARTMENT HEAD APPROVAL | _(signature)_ | 2/4/15 |
| HUMAN RESOURCES REVIEW | _(signature)_ | |
| DIRECTOR OF HUMAN RESOURCES | Benjamin Hubbard | 2-16-15 |
| FINANCE/PAYROLL ACTION | | |

THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE

Macon-Bibb County Human Resources                 May 28, 2014                 HRPAF100

Bridger, et al-000867

**MACON-BIBB COUNTY**
**HUMAN RESOURCES**
**PERSONNEL ACTION FORM**

LRD: (Human Resources Use)

| MO | DAY | YEAR |
|----|-----|------|
|    |     |      |

ADTC | FROM: | (Human Resources Use) |
| TO: | |

### CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

| | | | | | |
|---|---|---|---|---|---|
| ☐ NEW HIRE | ☑ PAY CHANGE | ☐ RECLASS | ☐ RETIREMENT | | ☐ VOL. TERMINATION |
| ☐ REHIRE | ☐ JOB CHANGE | ☐ PROMOTION | ☐ PAYROLL GROUP CHANGE | | ☐ INV. TERMINATION |
| ☐ REINSTATE | ☐ TRANSFER | ☐ DEMOTION | ☐ SUSPENSION | | ☐ START/RETURN FROM LEAVE OF ABS. |

### COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| ☑ FULL TIME<br>☐ PART TIME<br>☐ TEMPORARY | Vann | Carey | | 3617 | *Retro*<br>10-01-2015 |

### COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| Bi-Weekly<br>☐ HOURLY<br>☐ DAILY<br>☐ SALARY | | | | | | |

### COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 20.74 | 11 | 07 | Deputy Sheriff | 3300.3320C | |
| TO: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 21.57 | 11 | 08 | Deputy Sheriff | 3300.3320C | |

### HUMAN RESOURCES USE ONLY: COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

| _____ FT HOURS (PER WEEK) | WORKER'S COMP. IND | VACATION & SICK LEAVE IND. | PENSION INFORMATION | | |
|---|---|---|---|---|---|
| | Y ☐  N ☐ | Y ☐  N ☐ | ☐ GENERAL | ☐ LAW ENFORCEMENT | |
| _____ PT HOURS (PER WEEK) | | | ☐ TEACHERS | ☐ JUDICIAL-STATE | ☐ NONE |

### COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE — EEOC INFORMATION

| PAID ☐<br><br>UNPAID ☐ | ☐ MILITARY<br>☐ PERSONAL<br>☐ WORKER'S COMP<br>☐ SUSPENSION FROM DUTIES<br>☐ FMLA-EMP<br>☐ FMLA-FAM | LEAVE BEGINNING DATE _____<br><br>ESTIMATED RETURN DATE _____<br><br>RETURN DATE _____ | ☐ A – AMERICAN INDIAN OR ALASKAN NATIVE<br>☐ I – ASIAN OR PACIFIC ISLANDER<br>☐ B – BLACK OR AFRICAN AMERICAN<br>☐ H – HISPANIC<br>☐ W – CAUCASIAN | GENDER<br>MALE ☐<br><br>FEMALE ☐ |

### CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S) — ELIGIBLE FOR REHIRE

| 1<br>QUIT VOLUNTARY | 2<br>LAID OFF (LACK OF WORK) | 3<br>INVOLUNTARY DISCHARGE | 4<br>RETIREMENT | 5<br>DEATH | 6<br>LEAVE OF ABSENCE | Y ☐  N ☐ |
|---|---|---|---|---|---|---|

| ADDITIONAL INFORMATION | APPROVALS AND REVIEW | AUTHORIZATION (SIGN BELOW) |
|---|---|---|
| To correct disparity | DEPARTMENT HEAD APPROVAL | *signature*  DATE 10/14/15 |
| | HUMAN RESOURCES REVIEW | *signature*  DATE 10/24/15 |
| | DIRECTOR OF HUMAN RESOURCES | *signature*  DATE 11-5-15 |
| | FINANCE/PAYROLL ACTION | DATE |

THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE

**MACON-BIBB COUNTY**
**HUMAN RESOURCES**
**PERSONNEL ACTION FORM**

| LRD: (Human Resources Use) | | | ADTC | | (Human Resources Use) |
|---|---|---|---|---|---|
| MO | DAY | YEAR | | FROM: | |
| | | | | TO: | |

## CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

| | | | | | |
|---|---|---|---|---|---|
| ☐ NEW HIRE | ☑ PAY CHANGE | ☐ RECLASS | ☐ RETIREMENT | ☐ VOL. TERMINATION |
| ☐ REHIRE | ☐ JOB CHANGE | ☐ PROMOTION | ☐ PAYROLL GROUP CHANGE | ☐ INV. TERMINATION |
| ☐ REINSTATE | ☐ TRANSFER | ☐ DEMOTION | ☐ SUSPENSION | ☐ START/RETURN FROM LEAVE OF ABS. |

## COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| ☑ FULL TIME<br>☐ PART TIME<br>☐ TEMPORARY | Vann | Carey | | 3617 | 02-01-2015 |

## COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| Bi-Weekly<br>☐ HOURLY<br>☐ DAILY<br>☐ SALARY | | | | | | |

## COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 17.04 | | | Deputy (Certified) | 3300.3320C | |
| TO: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 20.71 | 17 | 10 | Deputy (Certified) | 3300.3320C | |

## HUMAN RESOURCES USE ONLY: COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

| _____ FT HOURS (PER WEEK)<br>_____ PT HOURS (PER WEEK) | WORKER'S COMP. IND.<br>Y ☐  N ☐ | VACATION & SICK LEAVE IND.<br>Y ☐  N ☐ | PENSION INFORMATION |
|---|---|---|---|

PENSION INFORMATION:
☐ GENERAL   ☐ LAW ENFORCEMENT
☐ TEACHERS   ☐ JUDICIAL-STATE   ☑ NONE

## COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE

| PAID ☐<br>UNPAID ☐ | ☐ MILITARY<br>☐ PERSONAL<br>☐ WORKER'S COMP<br>☐ SUSPENSION FROM DUTIES<br>☐ FMLA-EMP<br>☐ FMLA-FAM | LEAVE BEGINNING DATE<br><br>ESTIMATED RETURN DATE<br><br>RETURN DATE |
|---|---|---|

### EEOC INFORMATION

☐ A – AMERICAN INDIAN OR ALASKAN NATIVE
☐ I – ASIAN OR PACIFIC ISLANDER
☐ B – BLACK OR AFRICAN AMERICAN
☐ H – HISPANIC
☐ W – CAUCASIAN

GENDER
MALE ☐
FEMALE ☐

## CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S)

| 1<br>QUIT VOLUNTARY | 2<br>LAID OFF (LACK OF WORK) | 3<br>INVOLUNTARY DISCHARGE | 4<br>RETIREMENT | 5<br>DEATH | 6<br>LEAVE OF ABSENCE | ELIGIBLE FOR REHIRE<br>Y ☐  N ☐ |
|---|---|---|---|---|---|---|

| ADDITIONAL INFORMATION | APPROVAL AND REVIEW | AUTHORIZATION (SIGN BELOW) | DATE |
|---|---|---|---|
| Pay adjustment to correct disparity | DEPARTMENT HEAD APPROVAL | *[signature]* | 2/4/15 |
| | HUMAN RESOURCES REVIEW | *[signature]* K County | 2-17-15 |
| | DIRECTOR OF HUMAN RESOURCES | Benjamin Hubbard | 2-18-15 |
| | FINANCE/PAYROLL ACTION | | |

THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE

| MO | DAY | YEAR |
|---|---|---|
| | | |

# MACON-BIBB COUNTY
# HUMAN RESOURCES
# PERSONNEL ACTION FORM

ADTC

| FROM: | |
|---|---|
| TO: | |

(Human Resources Use)

## CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

| | | | | | |
|---|---|---|---|---|---|
| ☐ NEW HIRE | ☑ PAY CHANGE | ☐ RECLASS | ☐ RETIREMENT | ☐ VOL. TERMINATION | |
| ☐ REHIRE | ☐ JOB CHANGE | ☐ PROMOTION | ☐ PAYROLL GROUP CHANGE | ☐ INV. TERMINATION | |
| ☐ REINSTATE | ☐ TRANSFER | ☐ DEMOTION | ☐ SUSPENSION | ☐ START/RETURN FROM LEAVE OF ABS. | |

## COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| ☑ FULL TIME<br>☐ PART TIME<br>☐ TEMPORARY | Krage | Justin | | 3818 | 02-01-2015 |

## COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| Bi-Weekly<br>☐ HOURLY<br>☐ DAILY<br>☐ SALARY | | | | | | |

## COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: ☐ HOURLY ☐ DAILY ☐ SALARY | 15.44 | | | Deputy (Certified) | 3300.3323E | |
| TO: ☐ HOURLY ☐ DAILY ☐ SALARY | 15.74 | 17 | 3 | Deputy (Certified) | 3300.3323E | |

## HUMAN RESORUCES USE ONLY: COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

| FT HOURS (PER WEEK) | WORKER'S COMP. IND | VACATION & SICK LEAVE IND. | PENSION INFORMATION | | |
|---|---|---|---|---|---|
| | ☐ Y ☐ N | ☐ Y ☐ N | ☐ GENERAL | ☐ LAW ENFORCEMENT | |
| PT HOURS (PER WEEK) | | | ☐ TEACHERS ☐ JUDICIAL-STATE | ☑ NONE | |

## COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE | EEOC INFORMATION

| PAID<br>☐<br>UNPAID<br>☐ | ☐ MILITARY<br>☐ PERSONAL<br>☐ WORKER'S COMP<br>☐ SUSPENSION FROM DUTIES<br>☐ FMLA-EMP<br>☐ FMLA-FAM | LEAVE BEGINNING DATE<br><br>ESTIMATED RETURN DATE<br><br>RETURN DATE | ☐ A – AMERICAN INDIAN OR ALASKAN NATIVE<br>☐ I – ASIAN OR PACIFIC ISLANDER<br>☐ B – BLACK OR AFRICAN AMERICAN<br>☐ H – HISPANIC<br>☐ W – CAUCASIAN | GENDER<br>☐ MALE<br>☐ FEMALE |
|---|---|---|---|---|

## CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S) | ELIGIBLE FOR REHIRE

| 1 ☐ QUIT VOLUNTARY | 2 ☐ LAID OFF (LACK OF WORK) | 3 ☐ INVOLUNTARY DISCHARGE | 4 ☐ RETIREMENT | 5 ☐ DEATH | 6 ☐ LEAVE OF ABSENCE | ☐ Y ☐ N |
|---|---|---|---|---|---|---|

| ADDITIONAL INFORMATION | APPROVALS AND REVIEW | AUTHORIZATION (SIGN BELOW) |
|---|---|---|
| Pay adjustment to correct disparity | DEPARTMENT HEAD APPROVAL | _(signature)_ DATE 2/4/15 |
| | HUMAN RESOURCES REVIEW | DATE |
| | DIRECTOR OF HUMAN RESOURCES | _Benjamin Hubbard_ DATE 2-16-15 |
| | FINANCE/PAYROLL ACTION | DATE |

THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE

May 28, 2014   HRPAF100

Krage, et al-000196

# MACON-BIBB COUNTY
## HUMAN RESOURCES
### PERSONNEL ACTION FORM

LRD: (Human Resources Use)

| MO | DAY | YEAR |
|---|---|---|

ADTC

(Human Resources Use)

FROM:

TO:

## CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

- [ ] NEW HIRE
- [ ] REHIRE
- [ ] REINSTATE
- [x] PAY CHANGE
- [ ] JOB CHANGE
- [ ] TRANSFER
- [ ] RECLASS
- [ ] PROMOTION
- [ ] DEMOTION
- [ ] RETIREMENT
- [ ] PAYROLL GROUP CHANGE
- [ ] SUSPENSION
- [ ] VOL. TERMINATION
- [ ] INV. TERMINATION
- [ ] START/RETURN FROM LEAVE OF ABS.

## COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| [x] FULL TIME<br>[ ] PART TIME<br>[ ] TEMPORARY | Robinson | Jeremy | | 3860 | 02-01-2015 |

## COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE<br>Bi-Weekly | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| [ ] HOURLY<br>[ ] DAILY<br>[ ] SALARY | | | | | | |

## COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: [ ] HOURLY [ ] DAILY [ ] SALARY | 14.99 | | | Deputy (Certified) | 3300.3320F | |
| TO: [ ] HOURLY [ ] DAILY [ ] SALARY | 15.74 | 17 | 3 | Deputy (Certified) | 3300.3320F | |

## HUMAN RESOURCES USE ONLY: COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

____ FT HOURS (PER WEEK)

____ PT HOURS (PER WEEK)

WORKER'S COMP. IND  Y [ ]  N [ ]

VACATION & SICK LEAVE IND.  Y [ ]  N [ ]

PENSION INFORMATION
- [ ] GENERAL
- [ ] TEACHERS
- [ ] LAW ENFORCEMENT
- [ ] JUDICIAL-STATE
- [x] NONE

## COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE

| PAID [ ] | [ ] MILITARY<br>[ ] PERSONAL<br>[ ] WORKER'S COMP<br>[ ] SUSPENSION FROM DUTIES<br>[ ] FMLA-EMP<br>[ ] FMLA-FAM | LEAVE BEGINNING DATE<br><br>ESTIMATED RETURN DATE<br><br>RETURN DATE |
| UNPAID [ ] | | |

### EEOC INFORMATION
- [ ] A – AMERICAN INDIAN OR ALASKAN NATIVE
- [ ] I – ASIAN OR PACIFIC ISLANDER
- [ ] B – BLACK OR AFRICAN AMERICAN
- [ ] H – HISPANIC
- [ ] W – CAUCASIAN

GENDER
MALE [ ]
FEMALE [ ]

## CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S)

| 1 QUIT VOLUNTARY | 2 LAID OFF (LACK OF WORK) | 3 INVOLUNTARY DISCHARGE | 4 RETIREMENT | 5 DEATH | 6 LEAVE OF ABSENCE |
|---|---|---|---|---|---|

ELIGIBLE FOR REHIRE  Y [ ]  N [ ]

## ADDITIONAL INFORMATION

Pay adjustment to correct disparity

### APPROVALS AND REVIEW

| | | AUTHORIZATION (SIGN BELOW) | DATE |
|---|---|---|---|
| DEPARTMENT HEAD APPROVAL | *signature* | | 2/4/15 |
| HUMAN RESOURCES REVIEW | *signature* md | | |
| DIRECTOR OF HUMAN RESOURCES | Benjamin Hubbard | | 2-16-15 |
| FINANCE/PAYROLL ACTION | | | |

THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE

Macon-Bibb County Human Resources          May 28, 2014          HRPAF100

Baker, et al000001

**LRD: (Human Resources Use)**

| MO | DAY | YEAR |
|----|-----|------|
|    |     |      |

# MACON-BIBB COUNTY
# HUMAN RESOURCES
# PERSONNEL ACTION FORM

**ADTC** ☐

**(Human Resources Use)**

FROM:

TO:

## CHECK ALL PERSONNEL ACTIONS INITIATED BY THIS FORM

| | | |
|---|---|---|
| ☐ NEW HIRE | ☑ PAY CHANGE | ☐ RECLASS |
| ☐ REHIRE | ☐ JOB CHANGE | ☐ PROMOTION |
| ☐ REINSTATE | ☐ TRANSFER | ☐ DEMOTION |

| | |
|---|---|
| ☐ RETIREMENT | ☐ VOL. TERMINATION |
| ☐ PAYROLL GROUP CHANGE | ☐ INV. TERMINATION |
| ☐ SUSPENSION | ☐ START/RETURN FROM LEAVE OF ABS. |

## COMPLETE THIS SECTION FOR ALL PERSONNEL ACTIONS

| EMPLOYEE STATUS | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME | MI | EMPLOYEE NUMBER | EFFECTIVE DATE (NOT DATE PREPARED) |
|---|---|---|---|---|---|
| ☑ FULL TIME<br>☐ PART TIME<br>☐ TEMPORARY | Thompson | Jesse | | 3703 | 02-01-2015 |

## COMPLETE THIS SECTION FOR NEW HIRE, REHIRE & REINSTATE

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT. # | Position # |
|---|---|---|---|---|---|---|
| Bi-Weekly<br>☐ HOURLY<br>☐ DAILY<br>☐ SALARY | | | | | | |

## COMPLETE THIS SECTION FOR PAY AND/OR JOB CHANGES, TRANSFERS, RECLASSES, PROMOTIONS

| RATE BASE | PAY RATE | GRADE | STEP | JOB TITLE | DEPT # | POSITION # |
|---|---|---|---|---|---|---|
| FROM: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 15.44 | | | Deputy (Certified) | 3300.3320F | |
| TO: ☐ HOURLY<br>☐ DAILY<br>☐ SALARY | 15.74 | 17 | 3 | Deputy (Certified) | 3300.3320F | |

## HUMAN RESORUCES USE ONLY:  COMPLETE THIS SECTION FOR NEW HIRES AND EMPLOYMENT STATUS CHANGES

_____ FT HOURS (PER WEEK)

_____ PT HOURS (PER WEEK)

| WORKER'S COMP. IND | VACATION & SICK LEAVE IND. |
|---|---|
| Y ☐  N ☐ | Y ☐  N ☐ |

### PENSION INFORMATION

| | |
|---|---|
| ☐ GENERAL | ☐ LAW ENFORCEMENT |
| ☐ TEACHERS | ☐ JUDICIAL-STATE |
| | ☑ NONE |

## COMPLETE FOR LEAVE OF ABSENCES AND RETURN FROM LEAVE

| PAID | ☐ MILITARY |
|---|---|
| ☐ | ☐ PERSONAL |
| | ☐ WORKER'S COMP |
| UNPAID | ☐ SUSPENSION FROM DUTIES |
| ☐ | ☐ FMLA-EMP |
| | ☐ FMLA-FAM |

LEAVE BEGINNING DATE
_____

ESTIMATED RETURN DATE
_____

RETURN DATE
_____

### EEOC INFORMATION

| | |
|---|---|
| ☐ A – AMERICAN INDIAN OR ALASKAN NATIVE | |
| ☐ I – ASIAN OR PACIFIC ISLANDER | |
| ☐ B – BLACK OR AFRICAN AMERICAN | |
| ☐ H – HISPANIC | |
| ☐ W – CAUCASIAN | |

**GENDER**

MALE ☐

FEMALE ☐

## CHECK REASON FOR EMPLOYMENT SEPARATION AND PROVIDE REMARK(S)

**ELIGIBLE FOR REHIRE**  Y ☐  N ☐

| 1 ☐ QUIT VOLUNTARY | 2 ☐ LAID OFF (LACK OF WORK) | 3 ☐ INVOLUNTARY DISCHARGE | 4 ☐ RETIREMENT | 5 ☐ DEATH | 6 ☐ LEAVE OF ABSENCE |
|---|---|---|---|---|---|

**ADDITIONAL INFORMATION**

Pay adjustment to correct disparity

### APPROVALS AND REVIEW / AUTHORIZATION (SIGN BELOW)

| | | |
|---|---|---|
| DEPARTMENT HEAD APPROVAL | _(signature)_ | 2/4/15  DATE |
| HUMAN RESOURCES REVIEW | | DATE |
| DIRECTOR OF HUMAN RESOURCES | Benjamin Hubbard | 2-16-15  DATE |
| FINANCE/PAYROLL ACTION | | DATE |

THE ORIGINAL PERSONNEL ACTION FORM MUST BE SENT TO HUMAN RESOURCES FOR PROCESSING AND PLACED IN THE EMPLOYEE'S PERSONNEL FILE

Macon-Bibb County Human Resources

May 28, 2014

Baker, et al-000151

HRPAF100



**Macon-Bibb County Human Resources**
**P.O. Box 247**
**Macon, Georgia 31202**
**Tel: (478) 751-2720 – Fax: (478) 751-2735**

July 6, 2015

MILLER AARON
SHERIFF

Dear  MILLER AARON:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

|  | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 15.74 | 16.38 |
| Pay Grade |  | 11 |
| Pay Step |  | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director



**EXHIBIT**

D

BSO001162



Macon-Bibb County Human Resources
P.O. Box 247
Macon, Georgia 31202
Tel: (478) 751-2720 – Fax: (478) 751-2735

July 6, 2015

POWELL ROBERT
SHERIFF

Dear  POWELL ROBERT:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

| | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF (AFTER1-1-77) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 15.74 | 16.38 |
| Pay Grade | | 11 |
| Pay Step | | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO001277



**Macon-Bibb County Human Resources**
P.O. Box 247
Macon, Georgia 31202
Tel: (478) 751-2720 – Fax: (478) 751-2735

July 6, 2015

VANN CAREY
SHERIFF

Dear  VANN CAREY:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

|  | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF (AFTER1-1-77) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 20.71 | 20.74 |
| Pay Grade |  | 11 |
| Pay Step |  | 7 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO001465



**Macon-Bibb County Human Resources**
**P.O. Box 247**
**Macon, Georgia 31202**
**Tel: (478) 751-2720 – Fax: (478) 751-2735**

July 6, 2015

MALONE CHARLES DALLAS
SHERIFF

Dear  MALONE CHARLES DALLAS:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

| | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF (CERTIFIED) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 17.02 | 17.04 |
| Pay Grade | | 11 |
| Pay Step | | 2 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO001845



**Macon-Bibb County Human Resources**
**P.O. Box 247**
**Macon, Georgia 31202**
**Tel: (478) 751-2720 – Fax: (478) 751-2735**

July 6, 2015

PUTNAM DANIEL
SHERIFF

Dear  PUTNAM DANIEL:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

|  | **Current Information** | **New Information** |
|---|---|---|
| Job Title | DEPUTY SHERIFF (AFTER1-1-77) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 15.13 | 16.38 |
| Pay Grade |  | 11 |
| Pay Step |  | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO002040



**Macon-Bibb County Human Resources**
**P.O. Box 247**
**Macon, Georgia 31202**
**Tel: (478) 751-2720 – Fax: (478) 751-2735**

July 6, 2015

SHURLEY DANIEL
SHERIFF

Dear  SHURLEY DANIEL:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

|  | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF (AFTER1-1-77) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 15.13 | 16.38 |
| Pay Grade |  | 11 |
| Pay Step |  | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO002176



Macon-Bibb County Human Resources
P.O. Box 247
Macon, Georgia 31202
Tel: (478) 751-2720 – Fax: (478) 751-2735

July 6, 2015

LEBEUF JEAN P
SHERIFF

Dear  LEBEUF JEAN P:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

|  | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF (CERTIFIED) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 15.74 | 16.38 |
| Pay Grade |  | 11 |
| Pay Step |  | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director



**Macon-Bibb County Human Resources**
**P.O. Box 247**
**Macon, Georgia 31202**
**Tel: (478) 751-2720 – Fax: (478) 751-2735**

July 6, 2015

VAMPER JOSEPH
SHERIFF

Dear  VAMPER JOSEPH:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

| | Current Information | New Information |
|---|---|---|
| Job Title | SERGEANT (AFTER 1-1-77) | SERGEANT |
| Rate of Pay | 21.53 | 21.57 |
| Pay Grade | | 15 |
| Pay Step | | 4 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO002489



**Macon-Bibb County Human Resources**
**P.O. Box 247**
**Macon, Georgia 31202**
**Tel: (478) 751-2720 – Fax: (478) 751-2735**

July 6, 2015

HESTER KENNETH
SHERIFF

Dear  HESTER KENNETH:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

| | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 15.74 | 16.38 |
| Pay Grade | | 11 |
| Pay Step | | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO002692



**Macon-Bibb County Human Resources**
P.O. Box 247
Macon, Georgia 31202
Tel: (478) 751-2720 – Fax: (478) 751-2735

July 6, 2015

PARROTT MICHAEL
SHERIFF

Dear  PARROTT MICHAEL:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

| | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF (AFTER1-1-77) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 15.74 | 16.38 |
| Pay Grade | | 11 |
| Pay Step | | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO002854



**Macon-Bibb County Human Resources**
P.O. Box 247
Macon, Georgia 31202
Tel: (478) 751-2720 – Fax: (478) 751-2735

July 6, 2015

MOORE NEAL
SHERIFF

Dear  MOORE NEAL:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

|  | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 16.37 | 16.38 |
| Pay Grade |  | 11 |
| Pay Step |  | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO002968



Macon-Bibb County Human Resources
P.O. Box 247
Macon, Georgia 31202
Tel: (478) 751-2720 – Fax: (478) 751-2735

July 6, 2015

MCCANE NICHOLAS
SHERIFF

Dear  MCCANE NICHOLAS:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

| | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 15.74 | 16.38 |
| Pay Grade | | 11 |
| Pay Step | | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director



**Macon-Bibb County Human Resources**
**P.O. Box 247**
**Macon, Georgia 31202**
**Tel: (478) 751-2720 – Fax: (478) 751-2735**

July 6, 2015

JOINER ROBBIE CLINT
SHERIFF

Dear  JOINER ROBBIE CLINT:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

| | **Current Information** | **New Information** |
|---|---|---|
| Job Title | DEPUTY SHERIFF (CERTIFIED) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 18.41 | 18.43 |
| Pay Grade | | 11 |
| Pay Step | | 4 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director



**Macon-Bibb County Human Resources**
P.O. Box 247
Macon, Georgia 31202
Tel: (478) 751-2720 – Fax: (478) 751-2735

July 6, 2015

SHOCKLEY ROBERT
SHERIFF

Dear  SHOCKLEY ROBERT:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

|  | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF (AFTER1-1-77) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 17.7 | 17.72 |
| Pay Grade |  | 11 |
| Pay Step |  | 3 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director



**Macon-Bibb County Human Resources**
**P.O. Box 247**
**Macon, Georgia 31202**
**Tel: (478) 751-2720 – Fax: (478) 751-2735**

July 6, 2015

**BRIDGER SHAUN**
**SHERIFF**

Dear  BRIDGER SHAUN:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

| | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF (CERTIFIED) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 15.74 | 16.38 |
| Pay Grade | | 11 |
| Pay Step | | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO003731



**Macon-Bibb County Human Resources**
P.O. Box 247
Macon, Georgia 31202
Tel: (478) 751-2720 – Fax: (478) 751-2735

July 6, 2015

RENFROE AIDEN
SHERIFF

Dear  RENFROE AIDEN:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

|  | **Current Information** | **New Information** |
|---|---|---|
| Job Title | DEPUTY SHERIFF (AFTER1-1-77) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 14.99 | 16.38 |
| Pay Grade |  | 11 |
| Pay Step |  | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO003921



**Macon-Bibb County Human Resources**
**P.O. Box 247**
**Macon, Georgia 31202**
**Tel: (478) 751-2720 – Fax: (478) 751-2735**

July 6, 2015

KRAGE JUSTIN
SHERIFF

Dear  KRAGE JUSTIN:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

| | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 15.74 | 16.38 |
| Pay Grade | | 11 |
| Pay Step | | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO003980



**Macon-Bibb County Human Resources**
**P.O. Box 247**
**Macon, Georgia 31202**
**Tel: (478) 751-2720 – Fax: (478) 751-2735**

July 6, 2015

ROBINSON JEREMY
SHERIFF

Dear  ROBINSON JEREMY:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

|  | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF (AFTER1-1-77) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 15.74 | 16.38 |
| Pay Grade |  | 11 |
| Pay Step |  | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO000768



**Macon-Bibb County Human Resources**
**P.O. Box 247**
**Macon, Georgia 31202**
**Tel: (478) 751-2720 – Fax: (478) 751-2735**

July 6, 2015

THOMPSON JESSE
SHERIFF

Dear  THOMPSON JESSE:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

| | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF (AFTER1-1-77) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 15.74 | 16.38 |
| Pay Grade | | 11 |
| Pay Step | | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO000913



**Macon-Bibb County Human Resources**
**P.O. Box 247**
**Macon, Georgia 31202**
**Tel: (478) 751-2720 – Fax: (478) 751-2735**

July 6, 2015

BAKER MARCUS
SHERIFF

Dear BAKER MARCUS:

The Macon Bibb County Commission has approved a new pay scale to be effective July 5, 2015. The pay scale assigns positions to various pay grades.

All pay changes will be effective in the July 24, 2015 pay check. Effective July 5, your title and pay will be as follows:

| | Current Information | New Information |
|---|---|---|
| Job Title | DEPUTY SHERIFF (CERTIFIED) | DEPUTY SHERIFF (CERTIFIED) |
| Rate of Pay | 14.99 | 16.38 |
| Pay Grade | | 11 |
| Pay Step | | 1 |

Thank you for your hard work and being a part of Macon Bibb County.

Please contact me at 751-2720 if you have any questions.

Sincerely yours,

Benjamin Hubbard
Human Resources Director

BSO001055

Public works on call policy

All Field Supervisors and Equipment Operators in the Public Works Department are required to be on-call on a weekly rotation.  Call is assigned on a rotating basis, and may be interchanged among field supervisors and/or equipment operators with prior approval of the General Superintendent or his authorized designee.

When a field supervisor/equipment operator is on call, Bibb County will provide a pager and/or cell phone, which must be carried by the employee at all times inclusive of evenings and weekends. During the on-call week, the field supervisor will also be provided with a Bibb County vehicle to drive to and from his/her residence; however, such County vehicle may not be used for any personal use other than transportation to and from work. In the event of a call, the field supervisor should be able to respond to any occurrence within the territorial boundaries of Bibb County within thirty (30) minutes of the call being received.

The field supervisor will be responsible for determining whether there is a need for additional employee assistance for a particular call, and for securing that assistance. However, the field supervisor is not permitted to impose any requirement for his/her crew or any employee of the Public Works Department to be on call during the period of time in which the field supervisor is on call.

As compensation for the on-call time, the field supervisor/equipment operator will be paid as though he actually worked two (2) hours for each evening on which he/she is on call, and for four (4) hours for each Saturday, Sunday or Bibb County Holiday he/she is on call, regardless of whether he/she is actually required to respond to a call. In the event that the on-call field supervisor and/or equipment operator must respond to a call during the on-call time, he/she will be paid for any time actually worked above two (2) hours for any on-call evening and/or four (4) hours on any Saturday, Sunday or Holiday.

The rate of pay for this on-call time, including working time and non-working time, shall be one and one-half (1 ½) times the employee's regular rate of pay. For purposes of this policy, a field supervisor's/equipment operator's regular rate of pay shall be calculated by dividing his/her annual salary by 2,080. For example, if a field supervisor's annual salary is $25,000.00, he/she will be paid at the rate of $18.03 per hour ($25,000.00 divided by 2,080 = $12.02 x 1.5 = $18.03).





**6.06**

# ON CALL (Standby) POLICY

The MBCG may require certain employees to be placed on call (standby) for emergency response after normal duty hours. Employees who are placed on call in any department may be required to be on-call on a weekly rotation. On call status is assigned on a rotating basis and should be assigned by a supervisor with prior approval of the department head. Employees who are scheduled to be on leave (vacation, sick or other scheduled leave) cannot be scheduled for on call (standby) duty.

When an employee is on call, MBCG will provide a pager and/or cell phone, which must be carried by the employee at all times inclusive of evenings, holidays and weekends. During the on call week, the supervisor will also be provided with a MBCG vehicle to drive to and from his/her residence; however, such MBCG vehicle may not be used for any personal use other than transportation to and from work.  In the event of a call, the employee should be able to respond to any occurrence within the territorial boundaries of Bibb County within thirty (30) minutes of the call being received.

The supervisor will be responsible for determining whether there is a need for additional employee assistance for a particular call, and for securing that assistance. However, the supervisor is not permitted to impose his/her requirement to be on call to other employees of his/her crew.

As for compensation for the on-call time, the employee will be paid their regular hourly rate for two hours for each day on which he/she is on call and four hours for each Saturday, Sunday or Holiday he/she is on call regardless of whether he/she is actually required to respond to a call. On-call time is not time actually worked and will not be included when calculating overtime.

The rate of pay for actual work time while on call shall be in accordance with MBCG pay policy regarding overtime pay. Employees who have not met the threshold for required overtime shall be paid regular rate until he/she meets the required threshold.

In the event the on-call supervisor must respond to a call during the on-call time, he/she will be paid for any time actually worked inclusive of the on-call time (Ex. An employee is on call during the work week, receiving two hours on-call pay, and is called into work. The employee works 3 hours.  The employee will be paid for 3 hours worked.)



*file*

## 1.04

### ELECTION OF COVERAGE BY A CONSTITUTIONAL
### OFFICER OR INDEPENDENT ELECTED OFFICIAL

I hereby make the following election regarding the MBCG Policies and Procedures Manual (select ONE):

☐ I elect to have the employees of my office be governed by and subject to all terms of the MBCG Policies and Procedures Manual; **OR**

☑ I elect to have the employees of my office be governed by and subject to the terms of the MBCG Policies and Procedures Manual, **EXCEPT** the sections relating to hiring, discipline, and the MBCG Employee Problem Solving (grievance) Procedure; **OR**

☐ I elect **NOT** to have the employees of my office be governed by and subject to the terms of the MBCG Policies and Procedures Manual. I understand that by making this election, MBCG is not responsible for administering any employment policies and procedures of my office.

_David J. Williams_
Signature

_David J. Davis_
Printed Name

_Sheriff of Bibb County_
Elected Office

_March 18, 2014_
Date

**EXHIBIT**

G

## Gresham, Cindy

| | |
|---|---|
| **From:** | Jackson, Erica |
| **Sent:** | Friday, October 13, 2017 4:25 PM |
| **To:** | Gresham, Cindy |
| **Subject:** | RE: Update: On-call pay |

That is exactly how it happened last Friday!  We are between a rock and a hard place.

**From:** Gresham, Cindy
**Sent:** Friday, October 13, 2017 4:04 PM
**To:** Jackson, Erica
**Subject:** RE: Update: On-call pay

What a firestorm!  Within 1 minute of sending out this email, one of the animal control folks called.  SMH

*Cindy Gresham*
*Executive Assistant to Sheriff Davis*
**Bibb County Sheriff's Office**
P. O. Box 930
Macon, GA  31202-0930
Phone: (478) 621-5601
Fax: (478) 621-5561
cgresham@maconbibb.us

The information contained in this email message is privileged and confidential, and is intended only for the use of the individual or entity named above.  If the reader of this message is not the Intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is unlawful and strictly prohibited.  If you have received this communication in error, please immediately delete it from your computer and notify the sender, by replying to the message.

**From:** Jackson, Erica
**Sent:** Friday, October 13, 2017 3:59 PM
**To:** Gresham, Cindy <CGresham@maconbibb.us>
**Subject:** RE: Update: On-call pay

Clear

**From:** Gresham, Cindy
**Sent:** Friday, October 13, 2017 3:50 PM
**To:** BSO - All Users
**Subject:** Update: On-call pay

**Since the announcement of a new on-call policy for Bibb County Sheriff's Office personnel, numerous unanticipated concerns have arisen.**

**In order to insure fairness to all, we are turning to the County attorneys for advice before proceeding.  Until this process has been completed, the on-call policy, as well as on-call pay for ALL BCSO employees, is suspended until further notice.**



EXHIBIT

H

BCSO011831

*Cindy Gresham*
*Executive Assistant to Sheriff Davis*
**Bibb County Sheriff's Office**
**P. O. Box 930**
**Macon, GA  31202-0930**
**Phone: (478) 621-5601**
**Fax: (478) 621-5561**
cgresham@maconbibb.us

The information contained in this email message is privileged and confidential, and is intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is unlawful and strictly prohibited.  If you have received this communication in error, please immediately delete it from your computer and notify the sender, by replying to the message.

BCSO011832

**Gresham, Cindy**

| | |
|---|---|
| **From:** | Davis, David |
| **Sent:** | Friday, October 13, 2017 3:42 PM |
| **To:** | Gresham, Cindy |
| **Subject:** | RE: on call policy |

This looks great…

David J. Davis
Sheriff, Bibb County, Ga.

**From:** Gresham, Cindy
**Sent:** Friday, October 13, 2017 3:40 PM
**To:** Davis, David <DDavis@maconbibb.us>
**Subject:** on call policy

**Since the announcement of a new on-call policy for Bibb County Sheriff's Office personnel, numerous unanticipated concerns have arisen.**

**In order to insure fairness to all, we are turning to the County attorneys for advice before proceeding. Until this process has been completed, the on-call policy, as well as on-call pay for ALL BCSO employees, is suspended until further notice.**

*Cindy Gresham*
*Executive Assistant to Sheriff Davis*
**Bibb County Sheriff's Office**
**P. O. Box 930**
**Macon, GA 31202-0930**
**Phone: (478) 621-5601**
**Fax: (478) 621-5561**
cgresham@maconbibb.us

The information contained in this email message is privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is unlawful and strictly prohibited. If you have received this communication in error, please immediately delete it from your computer and notify the sender, by replying to the message.

1

BCSO011833

## Gresham, Cindy

| | |
|---|---|
| **From:** | Rutherford, Crystal |
| **Sent:** | Monday, August 28, 2017 5:25 PM |
| **To:** | Gresham, Cindy; Scarbary, Michael |
| **Cc:** | Davis, David |
| **Subject:** | RE: ready to be moved |

I see that, we definitely need to discuss and make a decision on moving forward. We will not be able to sustain this expense.
Don't we have deputies that are on call from time to time. How is there time reported?

Thank you,
*Crystal S. Rutherford*
Bibb County Sheriff's Office
Fiscal Services Division

**From:** Gresham, Cindy
**Sent:** Monday, August 28, 2017 4:38 PM
**To:** Rutherford, Crystal; Scarbary, Michael
**Subject:** RE: ready to be moved

They are recording the standby time as OT, by the way.

*Cindy Gresham*
*Executive Assistant to Sheriff Davis*
Bibb County Sheriff's Office
P. O. Box 930
Macon, GA  31202-0930
Phone: (478) 621-5601
Fax: (478) 621-5561
cgresham@maconbibb.us

The information contained in this email message is privileged and confidential, and is intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is unlawful and strictly prohibited.  If you have received this communication in error, please immediately delete it from your computer and notify the sender, by replying to the message.

**From:** Rutherford, Crystal
**Sent:** Monday, August 28, 2017 4:02 PM
**To:** Gresham, Cindy <CGresham@maconbibb.us>; Scarbary, Michael <MScarbary@maconbibb.us>
**Subject:** RE: ready to be moved

Chief-

When you get a min, please let me know so we can discuss.

Thank you,
*Crystal S. Rutherford*
Bibb County Sheriff's Office
Fiscal Services Division

1

BCSO011855

**From:** Gresham, Cindy
**Sent:** Monday, August 28, 2017 3:58 PM
**To:** Rutherford, Crystal; Scarbary, Michael
**Subject:** FW: ready to be moved

Here's the rest of the email string, without attachments.

*Cindy Gresham*
*Executive Assistant to Sheriff Davis*
**Bibb County Sheriff's Office**
P. O. Box 930
Macon, GA 31202-0930
Phone: (478) 621-5601
Fax: (478) 621-5561
cgresham@maconbibb.us

The information contained in this email message is privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is unlawful and strictly prohibited. If you have received this communication in error, please immediately delete it from your computer and notify the sender, by replying to the message.

**From:** Adams, Sonja
**Sent:** Monday, August 28, 2017 3:54 PM
**To:** Gresham, Cindy <CGresham@maconbibb.us>
**Subject:** Re: ready to be moved

That's what HR said to do, although, I dispute this because according to the county policy the 2 hours on week days and 4 hours on weekend/holidays is standby pay at regular time. Any call outs should be listed as overtime and NOT subtracted from stand by.

If there is a different way to do their overtime (according to BCSO policies), please let me know and we can adjust.

**Sonja Adams**
**Bibb County Sheriff's Office**
**Animal Enforcement Division**
**110 Confederate way**
**Macon, Ga 31217**
**478-621-6791 (w)**
**478-951-3347 (c)**

**From:** Gresham, Cindy
**Sent:** Monday, August 28, 2017 3:51:08 PM
**To:** Adams, Sonja
**Subject:** RE: ready to be moved

Thanks!

Please tell me if I understand this correctly on how they figure on-call time.  They get 2 hours OT on weekdays and 4 hours OT on weekend days.  The time they spend called out is subtracted from the OT allocation?

We have no other employees doing this, so I have nothing to compare it to.

2

BCSO011856

*Cindy Gresham*
*Executive Assistant to Sheriff Davis*
**Bibb County Sheriff's Office**
P. O. Box 930
Macon, GA  31202-0930
Phone: (478) 621-5601
Fax: (478) 621-5561
cgresham@maconbibb.us

The information contained in this email message is privileged and confidential, and is intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is unlawful and strictly prohibited.  If you have received this communication in error, please immediately delete it from your computer and notify the sender, by replying to the message.

**From:** Adams, Sonja
**Sent:** Monday, August 28, 2017 3:43 PM
**To:** Gresham, Cindy <CGresham@maconbibb.us>
**Subject:** Re: ready to be moved

**Sonja Adams**
**Bibb County Sheriff's Office**
**Animal Enforcement Division**
**110 Confederate way**
**Macon, Ga 31217**
**478-621-6791 (w)**
**478-951-3347 (c)**

**From:** Gresham, Cindy
**Sent:** Monday, August 28, 2017 3:35:38 PM
**To:** Adams, Sonja
**Subject:** RE: ready to be moved

Could you send me their OT sheets so I can understand what I'm approving?

Thanks!

*Cindy Gresham*
*Executive Assistant to Sheriff Davis*
**Bibb County Sheriff's Office**
P. O. Box 930
Macon, GA  31202-0930
Phone: (478) 621-5601
Fax: (478) 621-5561
cgresham@maconbibb.us

The information contained in this email message is privileged and confidential, and is intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is unlawful and strictly prohibited.  If you have received this communication in error, please immediately delete it from your computer and notify the sender, by replying to the message.

**From:** Adams, Sonja
**Sent:** Monday, August 28, 2017 12:13 PM

3

BCSO011857

**To:** Gresham, Cindy <CGresham@maconbibb.us>
**Subject:** Fw: ready to be moved

time has been moved.

Cindy,

They will probably say something about Bruce's overtime needing to be changed to reg additional due to sick and annual leave. Please be aware the overtime is on call pay and considered time worked (engaged to wait) under FLSA.

**Sonja Adams**
**Bibb County Sheriff's Office**
**Animal Enforcement Division**
**110 Confederate way**
**Macon, Ga 31217**
**478-621-6791 (w)**
**478-951-3347 (c)**

---

**From:** Gates, Theodora
**Sent:** Monday, August 28, 2017 11:53 AM
**To:** Adams, Sonja
**Subject:** RE: ready to be moved

Your time has been moved to LOGOS.

Thanks.

Theodora Gates, Payroll Specialist
Macon-Bibb County Government
Finance Department
P.O. Box 247
Macon, GA  31202
(478) 803-0562 Office (478) 751-7252 Fax
trgates@maconbibb.us

**Stay Connected**

   

**Help us be more green by not printing this email unless necessary.**

**From:** Adams, Sonja
**Sent:** Monday, August 28, 2017 11:42 AM
**To:** eTime <eTime@maconbibb.us>
**Subject:** ready to be moved

time is ready to be moved for Animal Enforcement,

4

BCSO011858

**3300.3370**

**Sonja Adams**
**Bibb County Sheriff's Office**
**Animal Enforcement Division**
**110 Confederate way**
**Macon, Ga 31217**
**478-621-6791 (w)**
**478-951-3347 (c)**

BCSO011859

## Gresham, Cindy

| | |
|---|---|
| **From:** | Adams, Sonja |
| **Sent:** | Monday, August 28, 2017 3:56 PM |
| **To:** | Gresham, Cindy |
| **Subject:** | Re: ready to be moved |

k. let me know if I can help in any way.

**Sonja Adams**
**Bibb County Sheriff's Office**
**Animal Enforcement Division**
**110 Confederate way**
**Macon, Ga 31217**
**478-621-6791 (w)**
**478-951-3347 (c)**

**From:** Gresham, Cindy
**Sent:** Monday, August 28, 2017 3:55:15 PM
**To:** Adams, Sonja
**Subject:** RE: ready to be moved

Any policy we follow ref. payroll is directed by Finance.  I'll see how this shakes out.

*Cindy Gresham*
*Executive Assistant to Sheriff Davis*
**Bibb County Sheriff's Office**
**P. O. Box 930**
**Macon, GA  31202-0930**
**Phone: (478) 621-5601**
**Fax: (478) 621-5561**
cgresham@maconbibb.us

The information contained in this email message is privileged and confidential, and is intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is unlawful and strictly prohibited.  If you have received this communication in error, please immediately delete it from your computer and notify the sender, by replying to the message.

**From:** Adams, Sonja
**Sent:** Monday, August 28, 2017 3:54 PM
**To:** Gresham, Cindy <CGresham@maconbibb.us>
**Subject:** Re: ready to be moved

That's what HR said to do, although, I dispute this because according to the county policy the 2 hours on week days and 4 hours on weekend/holidays is standby pay at regular time. Any call outs should be listed as overtime and NOT subtracted from stand by.

If there is a different way to do their overtime (according to BCSO policies), please let me know and we can adjust.

1

BCSO011861

**Sonja Adams**
**Bibb County Sheriff's Office**
**Animal Enforcement Division**
**110 Confederate way**
**Macon, Ga 31217**
**478-621-6791 (w)**
**478-951-3347 (c)**

---

**From:** Gresham, Cindy
**Sent:** Monday, August 28, 2017 3:51:08 PM
**To:** Adams, Sonja
**Subject:** RE: ready to be moved

Thanks!

Please tell me if I understand this correctly on how they figure on-call time.  They get 2 hours OT on weekdays and 4 hours OT on weekend days.  The time they spend called out is subtracted from the OT allocation?

We have no other employees doing this, so I have nothing to compare it to.

*Cindy Gresham*
*Executive Assistant to Sheriff Davis*
Bibb County Sheriff's Office
P. O. Box 930
Macon, GA  31202-0930
Phone: (478) 621-5601
Fax: (478) 621-5561
cgresham@maconbibb.us

The information contained in this email message is privileged and confidential, and is intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is unlawful and strictly prohibited.  If you have received this communication in error, please immediately delete it from your computer and notify the sender, by replying to the message.

**From:** Adams, Sonja
**Sent:** Monday, August 28, 2017 3:43 PM
**To:** Gresham, Cindy <CGresham@maconbibb.us>
**Subject:** Re: ready to be moved

**Sonja Adams**
**Bibb County Sheriff's Office**
**Animal Enforcement Division**
**110 Confederate way**
**Macon, Ga 31217**
**478-621-6791 (w)**
**478-951-3347 (c)**

---

**From:** Gresham, Cindy
**Sent:** Monday, August 28, 2017 3:35:38 PM

2

BCSO011862

**To:** Adams, Sonja
**Subject:** RE: ready to be moved

Could you send me their OT sheets so I can understand what I'm approving?

Thanks!

*Cindy Gresham*
*Executive Assistant to Sheriff Davis*
**Bibb County Sheriff's Office**
**P. O. Box 930**
**Macon, GA  31202-0930**
**Phone: (478) 621-5601**
**Fax: (478) 621-5561**
cgresham@maconbibb.us

The information contained in this email message is privileged and confidential, and is intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is unlawful and strictly prohibited.  If you have received this communication in error, please immediately delete it from your computer and notify the sender, by replying to the message.

**From:** Adams, Sonja
**Sent:** Monday, August 28, 2017 12:13 PM
**To:** Gresham, Cindy <CGresham@maconbibb.us>
**Subject:** Fw: ready to be moved

time has been moved.

Cindy,

They will probably say something about Bruce's overtime needing to be changed to reg additional due to sick and annual leave. Please be aware the overtime is on call pay and considered time worked (engaged to wait) under FLSA.

**Sonja Adams**
**Bibb County Sheriff's Office**
**Animal Enforcement Division**
**110 Confederate way**
**Macon, Ga 31217**
**478-621-6791 (w)**
**478-951-3347 (c)**

**From:** Gates, Theodora
**Sent:** Monday, August 28, 2017 11:53 AM
**To:** Adams, Sonja
**Subject:** RE: ready to be moved

Your time has been moved to LOGOS.

Thanks.

3

**Theodora Gates, Payroll Specialist**
Macon-Bibb County Government
Finance Department
P.O. Box 247
Macon, GA 31202
(478) 803-0562 Office (478) 751-7252 Fax
trgates@maconbibb.us

**Stay Connected**

   

**Help us be more green by not printing this email unless necessary.**

**From:** Adams, Sonja
**Sent:** Monday, August 28, 2017 11:42 AM
**To:** eTime <eTime@maconbibb.us>
**Subject:** ready to be moved

time is ready to be moved for Animal Enforcement,
3300.3370

**Sonja Adams**
**Bibb County Sheriff's Office**
**Animal Enforcement Division**
**110 Confederate way**
**Macon, Ga 31217**
**478-621-6791 (w)**
**478-951-3347 (c)**

BCSO011864

**Gresham, Cindy**

| | |
|---|---|
| **From:** | Stokes, Regina |
| **Sent:** | Tuesday, August 1, 2017 10:18 AM |
| **To:** | Gresham, Cindy |
| **Subject:** | RE: payroll for Animal Control |

The Chief said he had already talked to the Sheriff and he may let it slide one more time.  But, he said, he thinks we are going to have to stop it.  He said, he would call you.

**From:** Gresham, Cindy
**Sent:** Monday, July 31, 2017 5:32 PM
**To:** Scarbary, Michael <MScarbary@maconbibb.us>
**Cc:** Stokes, Regina <RStokes@maconblbb.us>
**Subject:** payroll for Animal Control

Chief,

In the morning I need to talk to you about the Animal Control timesheets before I approve them.  Specifically about On-Call pay.  Bruce Rozier has <u>30 hours</u> of on-call time marked on his timesheet—2 hours per day on weekdays and 4 hours per day on weekend days.  This is routinely done by whichever of the Animal Control Officers is on call, and as I understand it, it will be paid as Overtime since it's in excess of his regular 80 hours.

*Cindy Gresham*
*Executive Assistant to Sheriff Davis*
**Bibb County Sheriff's Office**
P. O. Box 930
Macon, GA  31202-0930
Phone: (478) 621-5601
Fax: (478) 621-5561
cgresham@maconbibb.us

The information contained in this email message is privileged and confidential, and is intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is unlawful and strictly prohibited.  If you have received this communication in error, please immediately delete it from your computer and notify the sender, by replying to the message.

1

BCSO011865



**Office of the Sheriff • Bibb County, Georgia**

# Sheriff David J. Davis

P.O. Box 930 • Macon, Georgia 31202-0930 • (478) 746-9441
*www.bibbsheriff.org*

**TO:**     All Bibb County Sheriff's Office Personnel

**FROM:**   Sheriff David J. Davis

**DATE:**   October 6, 2017

**RE:**     DIRECTIVE / ON CALL PAY GUIDELINES

Effective Sunday, October 8, 2017 Civilians, Deputies, Corporals, Sergeants and Lieutenants will be eligible for "Stand-by" pay if they are required to be on call.

1. On call status may be assigned to Bibb County Sheriff's Office employees only by supervisors holding the rank of major or higher.

2. An employee who is required to be on call will be eligible for two additional "stand-by" hours, paid at his/her regular hourly rate, for each week day on which he/she is on call.

3. An employee who is required to be on call will be eligible for four additional "stand-by" hours, paid at his/her regular hourly rate, for each Saturday, Sunday or Holiday he/she is on call.

4. On-call time ("Stand-by") is not time actually worked and will not be considered when calculating overtime.

5. The rate of pay for actual work time while on call shall be in accordance with MBCG pay policy regarding overtime pay. An employee who has not met the threshold for required overtime shall be paid his/her regular rate until he/she meets the required threshold.

6. On call pay is determined on a daily basis. If on call and not physically called out, then stand by pay is recorded for that day. In the event the on-call employee must respond to a call during the on-call time, he/she will subtract the time spent responding to the call from the "stand-by" allowance for that day. If a "stand-by" balance remains, the employee will be paid his/her regular hourly rate for the "stand-by" balance, and additional regular or overtime for the actual time spent responding to the call.



EXHIBIT

I

(Ex. 1:  An employee is on call on a Tuesday, during the work week, receiving 2 hours "stand-by" pay, and is called into work. The employee works 3 hours. The employee will be paid additional regular or overtime for 3 hours worked, and will not be paid any "stand-by" pay.)

(Ex. 2:  An employee is on call on a Saturday, receiving 4 hours "stand-by" pay, and is called into work.  The employee works 3 hours.  The employee will be paid additional regular or overtime for 3 hours work, and will be paid regular time for 1 hour of "stand-by" pay.)

7. On call pay is not affected by additional hours worked which are directly adjacent to the employee's regularly scheduled work day.  Such hours are not subtracted from the "stand-by" allowance for that day.

_____
Sheriff David J. Davis

DJD/ej

**Gresham, Cindy**

| | |
|---|---|
| **From:** | Gresham, Cindy |
| **Sent:** | Friday, October 13, 2017 3:50 PM |
| **To:** | BSO - All Users |
| **Subject:** | Update:  On-call pay |

**Since the announcement of a new on-call policy for Bibb County Sheriff's Office personnel, numerous unanticipated concerns have arisen.**

**In order to insure fairness to all, we are turning to the County attorneys for advice before proceeding.  Until this process has been completed, the on-call policy, as well as on-call pay for ALL BCSO employees, is suspended until further notice.**

*Cindy Gresham*
*Executive Assistant to Sheriff Davis*
**Bibb County Sheriff's Office**
P. O. Box 930
Macon, GA  31202-0930
Phone: (478) 621-5601
Fax: (478) 621-5561
cgresham@maconbibb.us

The information contained in this email message is privileged and confidential, and is intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is unlawful and strictly prohibited.  If you have received this communication in error, please immediately delete it from your computer and notify the sender, by replying to the message.



EXHIBIT
J

BCSO011829

**Davis, David**

| | |
|---|---|
| **From:** | Jackson, Erica |
| **Sent:** | Monday, January 8, 2018 5:37 PM |
| **To:** | Davis, David |
| **Subject:** | RE: On call policy |

Good Evening:

I think that two (2) essential questions have been answered and I would want clarification on one issue.

1) <u>Is on-call pay mandated</u>? **No,** unless policy is "restrictive" enough to limit the employee's personal activities while on call.
   The only two restrictions that I am aware of are the consumption of alcohol which is covered separately, and response time which I believe is flexible enough to cover anyone traveling from their residence to their place of work/scene.

2) <u>Can you pay one-group of employees for on call time and not another</u>? **Yes,** as long as the job functions are different policy can be different.
   This means that we could chose to pay CID Investigators On-Call and not pay Maintenance; however I also interpret that to mean that if we pay on-call to CID Investigators we would have to pay it to SWAT because they are all Law       Enforcement Officers. (is that how you read that?)

If being asked honestly it would be my opinion that as an entity BCSO adopts the policy of not paying for on-call time across the board.  You have the legal right to make that policy and that is how we operated for the first 3 ½ years of consolidation.  This would not have been an issue if we had not absorbed the Animal Enforcement Officers.  In a perfect world it would be great to set policy to offer to all in every situation.  I just don't think that is reasonable at this point.

Erica

---

**From:** Davis, David
**Sent:** Monday, January 08, 2018 4:20 PM
**To:** Jackson, Erica
**Subject:** FW: On call policy
**Importance:** Low

Erica,
Please give me your thoughts on this…


David J. Davis
Sheriff, Bibb County, Ga.

**From:** McNeill, Michael
**Sent:** Wednesday, December 13, 2017 2:20 PM



**EXHIBIT**

K

**To:** Davis, David <DDavis@maconbibb.us>
**Cc:** Jones, Crystal <CJones2@maconbibb.us>
**Subject:** On call policy
**Importance:** Low

Sheriff Davis,

Here is the federal regulation relating to on-call service by county police and fire workers.  Basically, the law looks at whether the employee's activities during the on-call time are primarily for the employee's benefit or the employer's benefit.  From the cases I've reviewed, as long as the employee is allowed to go home or pursue personal errands or pleasures, then on-call time is generally not required to be paid.  The courts also look at other factors, though, including how much time the employee has to get into work from when the call is received; how often on-call personnel are actually called; and how much the on-call policy restricts employee movement.  One court said that any policy requiring someone to be able to report to work in under twenty minutes was presumptively so restrictive that it required pay for call time.  I think that would depend on the individual's commute time and other factors, but I would say that if they had an hour to get into work, that would be presumptively non-restrictive.  30 minutes would be somewhat in the middle ground.  The idea is that, the shorter the time, the more limited they would be in terms of being able to go places in town, or even go home if they live too far away.

One court said that, where firefighters on call were actually called 13 times a day to respond to fires, then that whole on-call period was payable work time because the firefighters couldn't actually do anything else for themselves.  Of course, once they're called in and actually working, that time is all payable as well.  From what you've described, it would be very unusual for anyone on call to be called in more than once in a night, so I think you're okay there.  The Eleventh Circuit Court of Appeals has specifically approved of a rule saying that officers could not drink alcohol during on-call times, and did not require wage payments based on that restriction.

I would also like to point out that the law provides for full regular pay (including overtime, if applicable) where on-call time is considered "work," but does not require any pay at all where on-call time is not "work."  That being said, you are allowed to pay any employees for on-call time if you would like to do so, including at some kind of reduced rate (e.g., half pay).  You could also do an arrangement which says that you get no pay for just being on call, but get paid a full day's wages if you are actually called in (so long as they get appropriate overtime based on hours actually worked, and get extra wages if they are called in and end up working more than a full shift).

Based on the above, I do not believe that the FLSA requires you to pay wages for on-call time under the current policy, unless someone is actually called in to work.  If you would like to implement some sort of pay for on-call, then I believe that you have every right to do so on a job-function-by-job-function basis.  For example, you could say that patrol officers or LEC officers only get call pay under the policy Jansen drafted for you, but any facilities staff or anyone that is not an LEO would not be eligible (even if there might conceivably be a maintenance emergency at the jail requiring you to call in a maintenance team once every few years).  As long as you do not offer call pay to some, but not all, persons working on-call duty in the same position, I think you will be okay.  As you mentioned, though, those not receiving on call pay may be upset by that fact if others are.

Please let me know if you have any further questions or would like me to research this any further.

Thanks!

Michael J. McNeill
Assistant County Attorney
Macon-Bibb County Attorney's Office
700 Poplar Street, P.O. Box 247
Macon, GA 31202-0247
Direct: 478-751-7671
Fax: 478-751-7672

Email: mmcneill@maconbibb.us

**From:** LexisNexisDelivery@lexisnexis.com [mailto:LexisNexisDelivery@lexisnexis.com]
**Sent:** Wednesday, December 13, 2017 1:23 PM
**To:** McNeill, Michael <MMcNeill@maconbibb.us>
**Subject:** (SPAM) Email:29 CFR 553.221
**Importance:** Low



Lexis Advance® **Delivery**

LexisNexis | About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2017 LexisNexis.

* This is an automated email. Please do not reply to this email address.